OLWEN FALKENSTEIN *v.* MICHAEL FALKENSTEIN
(AC 24375)

Dranginis, Flynn and Bishop, Js.

Argued April 23—officially released August 17, 2004

*Conrad Ost Seifert*, for the appellant (plaintiff).

*Charles T. Busek*, for the appellee (defendant).

*Opinion*

DRANGINIS, J. The central issue in this appeal is whether the trial court, pursuant to General Statutes § 46b-81, has authority to order the sale of the parties' marital home and to bar the parties from purchasing it. We conclude that § 46b-81 grants the court discretion to render such an order to carry the dissolution decree into effect, particularly in this case to end the prolonged dissolution litigation between the parties. We therefore affirm the judgment of the trial court.

On appeal, the plaintiff, Olwen Falkenstein, claims that the court (1) exceeded its statutory authority under § 46b-81 or otherwise abused its discretion by barring her from purchasing the marital home and (2) violated

her right to due process by failing to conduct an evidentiary hearing regarding its decision to bar her from purchasing the marital home. The defendant, Michael Falkenstein, claims that the plaintiff's appeal was not timely filed.[1]

In early 1998, the plaintiff commenced an action for dissolution of the parties' twenty-seven year marriage. On June 11, 1999, the court, *Novack, J.*, rendered a judgment of dissolution. In its memorandum of decision, the court ordered in relevant part: "The marital residence, known as 107 Hickory Drive, New Canaan . . . shall immediately be listed for sale. The parties shall cooperate in the listing and sale of the property. The court shall retain jurisdiction over the terms and conditions of the listing and sale in the event of a disagreement between the parties. Notwithstanding the same, any bona fide offer within 5 percent of any current listing price shall be accepted by the parties. Reasonable and customary closing expenses shall be paid from the gross proceeds of sale." The plaintiff unsuccessfully appealed from the judgment of dissolution.[2]

Thereafter, the parties filed *many* postdissolution motions. In 2001, the defendant filed a motion to open the judgment and for a new trial on the basis of fraud. The motion to open was granted by the court, *D. Brennan, J.* A trial was held, and the court, *Hon. Edgar W. Bassick III*, judge trial referee, rendered judgment pursuant to a memorandum of decision dated May 7, 2003.[3] In affirming the prior dissolution of the parties' marriage, the court issued orders respecting, among

[1] The defendant filed a motion to dismiss the plaintiff's appeal, which this court denied. We decline to revisit the issue.

[2] See *Falkenstein* v. *Falkenstein*, 63 Conn. App. 909, 776 A.2d 1200, cert. denied, 257 Conn. 910, 782 A.2d 133 (2001).

[3] The court, in setting forth the background of this case, noted that since the action was commenced in 1998, the parties have appeared before six different judges and filed 130 pleadings.

other things, the marital home. The court ordered that the marital home "be placed upon the market for sale within thirty days of this date at a sales price of not less than $785,000. The sales price shall be reduced by five percent of the listing price every thirty days. The sales price shall not, however, be reduced below $695,000 until further order of the court. . . . The court shall retain jurisdiction over all issues of the sale of the home."[4]

Subsequently, the plaintiff filed a postjudgment motion seeking to have the court order the defendant to sell his interest in the marital home to her at the price ordered by the court. The defendant objected to the plaintiff's motion but filed a similar motion in which he requested the court to order the plaintiff to sell her interest in the marital home to him. By order dated June 10, 2003, the court denied the parties' postjudgment motions and clarified its judgment ordering that neither of the parties could purchase the marital home. The court also ordered that it would receive sealed bids for the marital home to be opened by the court in the presence of the parties' counsel. The plaintiff appealed from the June 10, 2003 postjudgment order denying her permission to purchase the marital home.

I

The plaintiff's first claim is that the court exceeded its statutory authority pursuant to § 46b-81[5] or otherwise

---

[4] The parties stipulated as to the value of the marital home pursuant to an appraisal they put into evidence.

[5] General Statutes § 46b-81 provides in relevant part: "(a) At the time of entering a decree annulling or dissolving a marriage or for legal separation pursuant to a complaint under section 46b-45, the Superior Court may assign to either the husband or wife all or any part of the estate of the other. The court may pass title to real property to either party or to a third person or may order the sale of such real property, without any act by either the husband or the wife, when in the judgment of the court it is the proper mode to carry the decree into effect. . . .

"(c) In fixing the nature and value of the property, if any, to be assigned, the court after hearing the witnesses, if any, of each party . . . shall consider

abused its discretion when it barred her from purchasing the marital home.

The following additional facts are relevant to our resolution of the plaintiff's claim. Judge Bassick held a hearing on the parties' postjudgment motions for order at which time the plaintiff's counsel entered into evidence the parties' respective motions, correspondence between counsel regarding their respective client's desires to purchase the marital home and a letter from a third party expressing a desire to purchase the property. The parties stipulated to the facts as entered into evidence by the plaintiff. At that time, the plaintiff's counsel stated to the court: "[T]he court can take judicial notice that both parties have waived the testimony of the respective clients for due process purposes, Your Honor, evidentiary purposes, and can accept the—both exhibits, my offer to purchase and his offer to purchase, as—when I use the [term] 'bona fide'—as valid offers to purchase, just one may be in a different time frame than the other."

Counsel for both parties argued the positions of their respective clients. During his argument urging the court to accept the plaintiff's offer to purchase as being first in time, the plaintiff's counsel argued: "The only issue before the court here is [whether] the court accept[s] my . . . June 4, 2003 motion for order postjudgment. And if the court says, 'yes,' then we set up the deal and you set the parameters of it. If the court says, 'no'— bear in mind also, Your Honor, [that] in my prayer for relief . . . I asked . . . [that] the wife shall have [the]

---

the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

right of first refusal. The court didn't see fit to give the right of first refusal . . . in my claims for relief. It doesn't mean the court can't do it now, but I have a bona fide, valid offer."

The court issued its rulings on the parties' motions from the bench. The court stated: "With respect to the offers and motions and objections that are before the court, first, as to the plaintiff's motion for order, as [the plaintiff's counsel] has already pointed out, one of the alternative claims for relief that was filed by the plaintiff was that she have a right of first refusal. The court had considered that and had determined that the court did not wish her to have the right of first refusal.

"The court's reasoning . . . in that respect was in addition to what has been argued by [the defendant's counsel], that is, that there has been so much misrepresentation by the plaintiff with respect to her earnings, her property owning, that the court just did not see how we could allow this difficult litigation to continue. And the court was convinced that if the court gave the plaintiff a right of refusal or, indeed, the right to pay $785,000, we're doing nothing but continuing the difficulty between these two parties.

"With the same reasoning and the same thought, the court denies the defendant's request or motion to order that this property be sold to him for the sum of $785,000." At the conclusion of the court's ruling, the plaintiff's counsel asked the court to put the marital home for sale on the open market.

The plaintiff properly points out in her brief to this court that a trial court has no inherent power to transfer marital property and that any transfer it orders must be founded on an enabling statute. *Passamano* v. *Passamano*, 228 Conn. 85, 88 n.4, 634 A.2d 891 (1993). She claims that the court here did not have the authority pursuant to § 46b-81 to deny her motion to order the

defendant to sell his equity in the marital home to her. Her claim, in part, involves an issue of statutory construction, which is a question of law, and our review is thus plenary. *Grondin* v. *Curi*, 262 Conn. 637, 649, 817 A.2d 61 (2003).

The "fundamental objective [of statutory construction] is to ascertain and give effect to the intent of the legislature. . . . In determining the intent of a statute, we look to the words of the statute itself, to the legislative history and circumstances surrounding the enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Citation omitted; internal quotation marks omitted.) *Smith* v. *Smith*, 249 Conn. 265, 272–73, 752 A.2d 1023 (1999). "The purpose of a property division pursuant to a dissolution proceeding is to unscramble existing marital property in order to give each spouse his or her *equitable* share at the time of the dissolution." (Emphasis added.) Id., 275.

Section 46b-81 enables the court to order the transfer of property pursuant to a decree of dissolution. The relevant language of § 46b-81 (a) provides: "The court may pass title to real property . . . *to a third person* or may *order the sale* of such real property . . . *when in the judgment of the court* it is the proper mode to carry the decree into effect." (Emphasis added.) This court previously has determined that the relevant portion of § 46b-81 (a) is not ambiguous. *Wolf* v. *Wolf*, 39 Conn. App. 162, 170, 664 A.2d 315 (1995). "Section 46b-81 (a) empowers the trial court in a dissolution action to assign any part of the marital estate to either of the parties and explicitly authorizes the trial court to pass title to *real property* to either party or to a third person." (Emphasis in original.) Id.

"In construing a statute, common sense must be used, and the courts will assume that the legislature intended

to accomplish a reasonable and rational result. . . . A statute . . . should not be interpreted to thwart its purpose." (Citation omitted; internal quotation marks omitted." *Board of Education* v. *State Board of Labor Relations*, 217 Conn. 110, 126–27, 584 A.2d 1172 (1991). "We consider the statute as a whole with a view toward reconciling its parts in order to obtain a sensible and rational overall interpretation." (Internal quotation marks omitted.) *Sweetman* v. *State Elections Enforcement Commission*, 249 Conn. 296, 307, 732 A.2d 144 (1999).

The purpose of § 46b-81, entitled "Assignment of property and transfer of title," is to grant the trial court authority to disperse the marital estate, including the real property. The court may order that title to real property pass to either party or to a third party, or it may order the sale of the real property. The court therefore has the authority under the statute to pass title to one of the parties or to neither of the parties because it may transfer it to a third party. Implicit in that authority is the authority to bar one or both of the parties from participating in the sale. The court's discretion is to be guided by its judgment in how to carry into effect the dissolution decree.

We now turn to the second part of the plaintiff's claim that the court abused its discretion by denying her motion to order the defendant to sell his share of the marital home to her. "We review financial awards in dissolution actions under an abuse of discretion standard. . . . [T]o conclude that the trial court abused its discretion, we must find that the court either incorrectly applied the law or could not reasonably conclude as it did." (Internal quotation marks omitted.) *Wendt* v. *Wendt*, 59 Conn. App. 656, 660, 757 A.2d 1225, cert. denied, 255 Conn. 918, 763 A.2d 1044 (2000). "An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its

discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action." (Internal quotation marks omitted.) *Bender* v. *Bender*, 258 Conn. 733, 739–40, 785 A.2d 197 (2001).

"[T]rial courts are empowered to deal broadly with property and its equitable division incident to dissolution proceedings. . . . Thus, [i]nterpreting the term property broadly is also consistent with the purpose of equitable distribution statutes generally. It is widely recognized that the primary aim of property distribution is to recognize that marriage is, among other things, a shared enterprise or joint undertaking in the nature of a partnership to which both spouses contribute— directly and indirectly, financially and nonfinancially— the fruits of which are distributable at divorce." (Citation omitted; internal quotation marks omitted.) *Jewett* v. *Jewett*, 265 Conn. 669, 682, 830 A.2d 193 (2003).

"The distribution of assets in a dissolution action is governed by § 46b-81, which provides in pertinent part that a trial court may assign to either the husband or the wife all or any part of the estate of the other. . . . In fixing the nature and value of the property, if any, to be assigned, the court, after hearing the witnesses, if any, of each party . . . shall consider the length of the marriage . . . the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity for each for future acquisition of capital assets and income." (Internal quotation marks omitted.) Id., 683–84.

On the basis of our review of the court's thoughtful and comprehensive memorandum of decision, we con-

clude that the court took into consideration each of the enumerated elements of § 46b-81 (c). On the basis of the facts cited by the court in its memorandum of decision and the statements it made on the record in denying the parties' motions, we further conclude that the court did not abuse its discretion in barring the plaintiff from purchasing the marital home.

We would be remiss if we did not note that a dissolution of marriage action is an equitable proceeding and that the division of the marital estate is to be done equitably. Id., 682. By claiming that the court abused its discretion in denying her the right to buy the marital home, the plaintiff has argued, in essence, that the court did not act equitably. In doing so, the plaintiff has overlooked the basis of the court's decision, i.e., the need to bring the dissolution litigation to an end.

Furthermore, the plaintiff blatantly ignores the basic premise of equity. "One who seeks equity must also do equity and expect that equity will be done for all." *LaCroix* v. *LaCroix*, 189 Conn. 685, 689, 457 A.2d 1076 (1983), citing 1 Pomeroy, Equity Jurisprudence 419, § 385 et seq. (1881). "An equitable award may be found to be error only if it is based on factual findings that are clearly erroneous . . . ." (Citation omitted.) *LaCroix* v. *LaCroix*, supra, 689. The original judgment of dissolution was opened due to the fraud the plaintiff perpetrated on the court. Judge Bassick found that the defendant had incurred more than $120,000 in legal fees by reason of the plaintiff's deceit. Furthermore, the court ordered the plaintiff to pay $50,000 from her share of the proceeds of the sale of the marital home to the defendant for attorney's fees. We conclude that the court's order with respect to the sale of the marital home was equitable.

II

The plaintiff's second claim is that the court denied her due process of law by denying her motion for order

that the defendant sell his share of the marital home to her without conducting an evidentiary hearing. We decline to review the plaintiff's claim.

The plaintiff admits that she failed to raise this claim during the hearing on her motion for order, in which the court heard oral arguments from counsel without taking any evidence or hearing testimony from any witnesses. The plaintiff seeks review of her claim pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). As we setout previously in the facts, during the hearing the plaintiff's counsel stated: "[t]he court can take judicial notice that both parties have waived the testimony of the respective clients for due process purposes, Your Honor, evidentiary purposes . . . ." Our Supreme Court has held recently that a party may not seek *Golding* review of an unpreserved claim at trial if the party induced the alleged error. *State* v. *Cruz*, 269 Conn. 97, 106, 848 A.2d 445 (2004). "To allow [a party] to seek reversal now that [her] trial strategy has failed would amount to allowing [her] to induce potentially harmful error, and then ambush [the trial court] with that claim on appeal." (Internal quotation marks omitted.) Id. Furthermore, our analysis of the plaintiff's first claim convinces us that her right to due process was not violated.

The judgment is affirmed and the case is remanded for the sale of the marital home as ordered by the trial court.

In this opinion the other judges concurred.