TANYA ROBINSON *v.* JONATHAN ROBINSON
(AC 25061)

Dranginis, Flynn and Hennessy, Js.

Argued October 25—officially released December 28, 2004

*Debra C. Ruel*, for the appellant (plaintiff).

*John F. Morris*, with whom, on the brief, was *Raynald B. Cantin*, for the appellee (defendant).

*Opinion*

DRANGINIS, J. In this appeal, the issue to be determined is whether General Statutes § 46b-56c[1] requires

---

[1] General Statutes § 46b-56c provides in relevant part: "(a) For purposes of this section, an educational support order is an order entered by a court requiring a parent to provide support for a child or children to attend for up to a total of four full academic years an institution of higher education

the trial court that renders a judgment of dissolution to inform parties who are parents of children who have not attained twenty-three years of age that if no educational support order has been entered, one may not be entered thereafter. We answer the question in the affirmative and, thus, reverse the judgment of the trial court.

The plaintiff, Tanya Robinson, appeals from the judgment of the trial court rendered in response to a post-judgment motion for clarification of the judgment of dissolution. She claims that the court improperly (1) rendered the judgment of dissolution by failing to comply with § 46b-56c and (2) failed to open the judgment of dissolution in order to comply with § 46b-56c. We agree with the plaintiff's first claim and need not reach the second.

The following undisputed facts are relevant to our resolution of this appeal. The plaintiff and the defendant, Jonathan Robinson, were married in 1995 and are the parents of two children, one born in 1998 and the other in 2001. In October, 2002, the plaintiff commenced

or a private occupational school for the purpose of attaining a bachelor's or other undergraduate degree, or other appropriate vocational instruction. An educational support order may be entered with respect to any child who has not attained twenty-three years of age and shall terminate not later than the date on which the child attains twenty-three years of age.

"(b) (1) On motion or petition of a parent, the court may enter an educational support order at the time of entry of a decree of dissolution, legal separation or annulment, and no educational support order may be entered thereafter unless the decree explicitly provides that a motion or petition for an educational support order may be filed by either parent at a subsequent date. *If no educational support order is entered at the time of entry of a decree of dissolution,* legal separation or annulment, and the parents have a child who has not attained twenty-three years of age, *the court shall inform the parents that no educational support order may be entered thereafter.* The court may accept a parent's waiver of the right to file a motion or petition for an educational support order upon *a finding that the parent fully understands the consequences of such waiver. . . .*" (Emphasis added.)

this dissolution action. Prior to the time the case was called for trial, neither party had filed a motion or petition requesting that the court enter an educational support order pursuant to § 46b-56c. On the day the parties were to begin trial, they went to court and, during the morning, negotiated a written dissolution agreement (agreement). The parties agreed, pursuant to paragraph two of the agreement, entitled *child support,* that "[t]he Defendant shall pay child support to the Plaintiff in the amount of $292 per week, plus $161 per week on account of daycare (40%), plus $60 per week on account of private school tuition (50% of tuition), for a total of $513 per week. . . . Said figures are in accordance with the [state child support] Guidelines." Paragraph five of the agreement, entitled *property settlement,* contains designated subparagraphs concerning the family home, *stock options,* other assets and personal property. The subparagraph regarding stock options is part of the issue here. The parties agreed that "[t]he net value of each party's currently held stock options shall be used for the payment of college expenses for the minor children, should such options have any value at time of college. Upon the exercise of the stock options by either party, notice shall be provide[d] to the other party and shall be placed in a fund earmarked for college (e.g., [pursuant to the Connecticut Higher Education Trust, § 529, of the Internal Revenue Code])." Neither party designated either paragraph two or five of the agreement to be an educational support order or asked the court to enter such an order at the time of dissolution, pursuant to § 46b-56c (b) (1). Each of the parties represented to the court that the agreement was fair and equitable.

In the afternoon of July 18, 2003, the court incorporated the parties' agreement into the judgment of dissolution. Prior to doing so, the court did not inform the parties that if an educational support order was not

made at the time of dissolution, neither party could obtain such an order in the future. The parties did not offer or file, and the court did not accept, a waiver of the right to file an educational support order.

On September 24, 2003, the plaintiff filed a motion entitled "Postjudgment Motion for Clarification Re: Educational Support Order." In her motion, the plaintiff represented that the defendant had agreed to pay child support, day care and 50 percent of private school tuition for the parties' two children. The plaintiff stated in the motion that she considered the child support provision of the agreement to be a § 46b-56c educational support order. The defendant, however, does not consider this portion of the agreement to be an educational support order under § 46b-56c. The plaintiff asked the court to clarify the issue for the benefit of all concerned. In his objection to the motion for clarification, the defendant represented that the agreement was the product of extensive negotiations between the parties and that it was a carefully crafted mosaic of multiple custodial and financial matters involving concessions and exchanges. The defendant claimed that the plaintiff, by way of the motion for clarification, improperly was seeking to modify the judgment to include items excluded from the parties' agreement.

By memorandum of decision filed on January 13, 2004, the court responded to the plaintiff's motion for clarification, ruling that it did not consider the agreement to include an educational support order pursuant to § 46b-56c. On January 30, 2004, the plaintiff appealed.[2]

Our first step is to determine the standard of review to apply to the plaintiff's claim that the dissolution

[2] The defendant filed a motion to dismiss that appeal, claiming that it was untimely with respect to the judgment. This court denied the motion to dismiss.

judgment was rendered improperly. Ordinarily, the abuse of discretion standard applies to the court's financial orders. *Wendt* v. *Wendt*, 59 Conn. App. 656, 660, 757 A.2d 1225, cert. denied, 255 Conn. 918, 763 A.2d 1044 (2000). Here, the plaintiff does not claim that the court improperly incorporated the parties' agreement in its judgment, but that, as a matter of law, the judgment itself was improper because the court failed to comply with the requirements of § 46b-56c. The defendant disagrees and argues that the abuse of discretion standard applies because neither party filed a motion or petition regarding an educational support order, and the court, therefore, was not obliged to inform the parties that no educational support order could be entered after the judgment of dissolution was rendered. We conclude that the outcome of this appeal hinges on our construction of § 46b-56c (b) (1) and that our standard of review therefore is plenary. See *Falkenstein* v. *Falkenstein*, 84 Conn. App. 495, 501, 854 A.2d 749, cert. denied, 271 Conn. 928, 859 A.2d 581 (2004).

"The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." Public Acts 2003, No. 03-154, § 1. We construe the text of § 46b-56c (b) (1) to be plain and unambiguous.

The relevant language of § 46b-56c (b) (1) is that "[o]n motion or petition of a parent, the court *may* enter an educational support order at the time of entry of a decree of dissolution . . . . If no educational support order is entered at the time of entry of a decree of dissolution . . . and the parents have a child who has not attained twenty-three years of age, the court

*shall* inform the parents that no educational support order may be entered thereafter. The court *may* accept a parent's waiver of the right to file a motion or petition for an educational support order upon a finding that the parent fully understands the consequences of such waiver." (Emphasis added.) General Statutes § 46b-56c (b) (1).

"In the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language . . . ." General Statutes § 1-1 (a). Our Supreme Court has "consistently held that may is directory rather than mandatory. . . . The word may, unless the context in which it is employed requires otherwise, ordinarily does not connote a command. Rather, the word generally imports permissive conduct and the conferral of discretion." (Citation omitted; internal quotation marks omitted.) *Waterbury* v. *Washington*, 260 Conn. 506, 531, 800 A.2d 1102 (2002). "The use of the word shall by the legislature connotes that the performance of the statutory requirements is mandatory rather than permissive." (Internal quotation marks omitted.) *Caulkins* v. *Petrillo*, 200 Conn. 713, 717, 513 A.2d 43 (1986). "The use of the word shall in conjunction with the word may confirms that the legislature acted with complete awareness of their different meanings . . . and that it intended the terms to have different meanings." (Citation omitted; internal quotation marks omitted.) *Waterbury* v. *Washington*, supra, 531.

Pursuant to § 46b-56c (b) (1), the court *may* enter an educational support order if a parent has moved or petitioned the court to do so. The court has permissive authority to enter an educational support order.[3] If the

---

[3] General Statutes § 46b-56c (c) provides that a court *may* not enter an educational support order unless it makes certain findings of fact. Statutes concerning the same subject are to be read together to provide a consistent body of law. *Hatt* v. *Burlington Coat Factory*, 263 Conn. 279, 310, 819 A.2d 260 (2003).

court does not enter an educational support order at the time it dissolves the marriage, it *shall* inform the parents that one may not be entered later. The use of the word shall means it is mandatory for the court to inform the parents of this statutory provision. It is not a discretionary act. Our conclusion is supported by the last sentence of § 46b-56c (b) (1), which permits the court to accept a parent's waiver of the right to file a motion or petition for an educational support order after the court finds that the parent understands the consequences of such a waiver. A parent cannot waive the right to file a motion or petition for an educational support order if the parent does not know such a right exists or does not understand the consequences of such a waiver.

"Waiver is an intentional relinquishment or abandonment of a known right or privilege. . . . It involves the idea of assent, and assent is an act of understanding. . . . The rule is applicable that no one shall be permitted to deny that he intended the natural consequences of his acts and conduct. . . . In order to waive a claim of law it is not necessary . . . that a party be certain of the correctness of the claim and its legal efficacy. It is enough if he knows of the existence of the claim and of its reasonably possible efficacy." (Citations omitted; internal quotation marks omitted.) *Gagne* v. *Vaccaro*, 80 Conn. App. 436, 445–46, 835 A.2d 491 (2003), cert. denied, 268 Conn. 920, 846 A.2d 881 (2004). Here, because the court failed to inform the parties, parents of young children, of the consequences of their failing to move or petition the court for an educational support order, the parties could not have waived the right to file a motion or petition.

The defendant argues that the agreement was the consequence of the parties' negotiations, the plaintiff entered the agreement willingly and the parties did not agree to an educational support order. Furthermore,

the defendant argues, the court had no obligation to inform the parties of the consequences of failing to ask for an educational support order because neither one of them filed a motion or petition for one. We are not persuaded. First, the subsection of the statute at issue does not require that a motion or petition for an educational support order be filed before the court informs the parties of the consequences of failing to secure such an order at the time of dissolution. The filing of a motion or petition merely is the procedural vehicle by which the court may enter such an order. If parents of children younger than twenty-three years of age have not filed a motion or petition for an educational support order by the time of dissolution, that fact may be evidence that the parents are unaware of their right to do so. Our legislature recognized that possibility when it provided that the court *shall* inform the parents that no educational support order may be entered after a dissolution decree is rendered. That is so even when the parties are represented by seasoned matrimonial attorneys, and when both the agreement and the record are silent as to the parties' intent with respect to an educational support order.

We conclude therefore that the court improperly rendered judgment of dissolution without informing the parties that if no educational support order was entered at the time of dissolution, no such order may be entered thereafter. Consequently, we reverse the judgment and remand the matter to the trial court with direction to inform the parties of their right to file a motion or petition for an educational support order.[4] If after being so informed, one or both of the parties files a motion or petition for an educational support order, the court shall conduct a hearing in accordance with § 46b-56c

[4] Our decision does not disturb that portion of the court's judgment dissolving the marriage of the parties and does not disturb the parties' parenting plan.

(c). In view of any educational support order it may enter, the court shall reconsider all of its financial orders, including property distribution.[5] Furthermore, the court should appoint counsel or a guardian ad litem for the minor children if necessary to protect their interests with respect to an educational support order.

The judgment is reversed only as to all financial orders and the case is remanded for further proceedings consistent with this opinion. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.

---

[5] In its memorandum of decision with respect to the motion for clarification, the court stated that it had "reviewed the transcript of the hearing dated July 18, 2003, and in particular has considered pages six and nine of that hearing, which speak to the child support provisions and allude to the placement of stock options in accounts for the children's college education." The appellate courts of this state have considered "financial orders appurtenant to dissolution proceedings as entirely interwoven and as a carefully crafted mosaic, each element of which may be dependent on the other." (Internal quotation marks omitted.) *Smith* v. *Smith*, 249 Conn. 265, 277, 752 A.2d 1023 (1999).