******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PELLEGRINO, J., concurring. I agree with the majority opinion that the court erred in its order of supplemental child support and that under the mosaic doctrine all financial orders must be reconsidered. I also agree that the court was in error in ordering the parties to submit to arbitration to resolve future disputes in regards to the distribution of their personal property. I write separately because I do not agree that the court erred for failing to provide notice to the parties in regards to its decision to not reserve jurisdiction to enter postsecondary educational support orders at a later date. In as much as I concur with the result of the majority, I write only to express my opinion that the court was under no obligation to give the parties notice that it was not going to reserve jurisdiction in its decision not to order postsecondary educational support. As this issue does not affect the remand ordered by the majority, I concur with the result as ordered.

In connection with the postsecondary education support issue, the parties presented no agreement regarding their decision to provide postsecondary education nor did they present any agreement as to the reservation of jurisdiction. The parties simply requested in their respective orders prior to the contested trial, that the court reserve jurisdiction to enter postsecondary educational support orders under General Statutes § 46b-56c (c).[1] This request by each party was one of many requests that they made prior to trial. The court commenced a fully contested three day trial on May 21, 2013. The court issued a memorandum of decision on November 5, 2013, which was then distributed to the parties.

As part of the orders in its decision, the court stated the following: "The court makes neither any postsecondary education support orders nor reserves jurisdiction pursuant to General Statutes § 46b-56c over any issues related to the post education support of the minor children. The court did not find that it was more likely than not that the parents would have provided postsecondary education support to the minor children if the family were intact." It is the opinion of the majority that the court was in error in not advising the parties, prior to the entering of the judgment, that it was not entering any order of postsecondary education or reserving jurisdiction to enter such an order in the future. In reaching this determination, the majority relies on General Statutes § 46b-56c (b) (1)[2] and this court's decision in *Robinson* v. *Robinson*, 86 Conn. App. 719, 862 A.2d 326 (2004). I do not agree that either § 46b-56c (b) (1) or *Robinson* compel such a notice requirement.

The majority opinion promulgates a scenario by

which, in any fully contested family matter, after the court finishes writing its opinion where it does not order postsecondary education orders or reserve jurisdiction to do so, it must sua sponte call the parties back to court and give them notice of its orders relative to this issue, before releasing the decision. If the notice requirement is mandated under § 46b-56c (b) (1), then, why is it not sufficient that the court complies with the notice requirement of the statute by informing the parties, in the memorandum of decision, that it did not make orders of postsecondary education and that there is no reservation of jurisdiction regarding the issue?

Section 46b-56c (b) (1) provides that: "On motion or petition of a parent, the court may enter an educational support order . . . ." It then goes on to provide that if the court does not enter the order that was requested or petitioned, it must inform the parent who moved or petitioned, that no such order can be entered in the future. In the present case, regardless of the interpretation of § 46b-56c (b) (1), here there was not a motion or petition by the parties, and therefore it is my opinion that the statute does not apply.

Additionally, the case the majority relies upon in their analysis, *Robinson* v. *Robinson*, supra, 86 Conn. App. 719, can be distinguished from the facts in the present case. In *Robinson*, the parties negotiated a stipulated written dissolution agreement that was incorporated into the judgment of dissolution at an uncontested hearing. Id., 722. The court reasoned in that case, that even though the parties did not provide for any postsecondary education orders in their stipulated agreement, the court was duty bound to inform the parents that an education order could not be entered in the future. Id., 727–28. Unlike *Robinson*, the present case was not an uncontested case in which the judge accepted a stipulation of the parties; the court crafted its own mosaic after considering the parties' requests in regards to postsecondary education. Therefore, the reasoning in *Robinson* is inapplicable to the present case.

Despite my disagreement with the majority on the issue that the trial court was in error in its failure to notify the parties that it was not reserving jurisdiction to enter future postsecondary education support orders, I agree with the majority that the judgment should be reversed and the case should be remanded to the trial court as to all financial orders.

[1] General Statutes § 46b-56c (c) provides: "The court may not enter an educational support order pursuant to this section unless the court finds as a matter of fact that it is more likely than not that the parents would have provided support to the child for higher education or private occupational school if the family were intact. After making such finding, the court, in determining whether to enter an educational support order, shall consider all relevant circumstances, including: (1) The parents' income, assets and other obligations, including obligations to other dependents; (2) the child's need for support to attend an institution of higher education or private occupational school considering the child's assets and the child's ability to earn income; (3) the availability of financial aid from other sources, including grants and loans; (4) the reasonableness of the higher education to be

funded considering the child's academic record and the financial resources available; (5) the child's preparation for, aptitude for and commitment to higher education; and (6) evidence, if any, of the institution of higher education or private occupational school the child would attend.''

[2] General Statutes § 46b-56c (b) (1) provides: ''On motion or petition of a parent, the court may enter an educational support order at the time of entry of a decree of dissolution, legal separation or annulment, and no educational support order may be entered thereafter unless the decree explicitly provides that a motion or petition for an educational support order may be filed by either parent at a subsequent date. If no educational support order is entered at the time of entry of a decree of dissolution, legal separation or annulment, and the parents have a child who has not attained twenty-three years of age, the court shall inform the parents that no educational support order may be entered thereafter. The court may accept a parent's waiver of the right to file a motion or petition for an educational support order upon a finding that the parent fully understands the consequences of such waiver.''

––––––––––––––––––––––––––