IN RE EMMANUEL M.*
(13135)

LAVERY, HEIMAN and FREEDMAN, Js.

Argued June 7—decision released August 2, 1994

*David E. Mandell,* for the appellant (respondent mother).

*James Kelly,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (petitioner).

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 4166B.2, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Joseph A. Cipparone,* for the minor child.

LAVERY, J. This appeal arises from the judgment of the trial court adjudicating Emmanuel M. a neglected child and terminating the parental rights of his adoptive parents, Carlos M. and Martha M. The respondent Martha M. (respondent) claims on appeal that the trial court based its ruling on insufficient evidence. We affirm the judgment of the trial court.

Emmanuel M. was born in 1989 to the sister of the respondent father. The biological father is unknown. The respondents adopted Emmanuel on November 20, 1990. Emmanuel was admitted to the Naval Hospital at the U.S. Submarine Base in Groton on January 3, 1993. When admitted, Emmanuel had a spiral fracture of the right femur, bruises on his forehead, the top of his head, both upper arms and back, abrasions on his left ear and the left side of his face, a second to third degree burn on his right thigh, multiple scars over his entire body, a cigarette-size burn on his right wrist, blisters between his fingers, a strap-like mark above his eyebrows, perforated right eardrum, scratches under his arms and strap marks across his shoulder. Two days later, physicians removed a substance from Emmanuel's left ear that was later determined to be candle wax.

In light of the extent of Emmanuel's injuries, and the conflicting and fluctuating explanations offered by the respondents, the hospital notified the department of children and families (DCF). On January 11, 1993, DCF petitioned pursuant to General Statutes § 46b-129 to have Emmanuel adjudicated a neglected child. DCF simultaneously petitioned pursuant to General Statutes § 17a-112 to terminate the parental rights of the respondents.

After a three day trial in the fall of 1993, the trial court issued its memorandum of decision in which it

reviewed in detail the evidence before it and the standards of law applicable to its determinations. The trial court found that the petitioner had demonstrated by a fair preponderance of the evidence that Emmanuel was a neglected child. The trial court also found that the petitioner had presented clear and convincing evidence sufficient to justify termination and that termination was in Emmanuel's best interest. Finally, the trial court found that the totality of circumstances warranted waiving the requisite one year waiting period provided by General Statutes § 17a-112 (b).

On appeal, the respondent claims that the trial court lacked sufficient evidence to support its ruling. We have carefully reviewed the briefs and oral argument as well as the entire record and are satisfied that the judgment of the trial court should be affirmed. We have also reviewed the trial court's memorandum of decision. *In re Emmanuel M.*, 43 Conn. Sup. 108, 648 A.2d 904 (1994). That memorandum is an accurate statement of the Connecticut law governing this action. Little would be accomplished by our recitation of what the trial court, through its diligent efforts, has already ably furnished. Accordingly, we adopt the trial court's well reasoned decision as a statement of the facts and the applicable law of this case. See, e.g., *Daw's Critical Care Registry, Inc.* v. *Dept. of Labor,* 225 Conn. 99, 102, 622 A.2d 518 (1993); *Forge Square Associates Ltd. Partnership* v. *Construction Services of Bristol, Inc.,* 33 Conn. App. 669, 673, 638 A.2d 606 (1994); *LaValley* v. *Correia,* 33 Conn. App. 41, 43, 632 A.2d 1143 (1993), cert. denied, 228 Conn. 923, 638 A.2d 37 (1994).

The judgment is affirmed.

In this opinion the other judges concurred.