STEPHEN MASSAD ET AL. *v.* CITY OF
NEW LONDON ET AL.
(13037)

LAVERY, HEIMAN and SPEAR, Js.

Argued December 6, 1994—decision released January 17, 1995

*Stephen Massad,* pro se, and *Terry Brennan,* pro se, the appellants (plaintiffs) filed a brief.

*Marguerite C. Driscoll,* for the appellees (defendants).

HEIMAN, J. The plaintiffs appeal from the action of the trial court taken on cross motions for summary judgment. The trial court rendered summary judgment in favor of the defendants and denied the plaintiffs' motion. On appeal, the plaintiffs claim that the trial court incorrectly determined that the defendants' actions did not violate the equal protection clauses of the fourteenth amendment to the United States constitution[1] and article first, § 20, of the constitution of Connecticut.[2] We affirm the judgment of the trial court.

The facts that generated this action and underlie this appeal are undisputed. The plaintiffs are nonresident owners of property in the city of New London and pay

---

[1] The fourteenth amendment to the United States constitution provides as follows: "Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

[2] The constitution of Connecticut, article first, § 20, provides as follows: "No person shall be denied the equal protection of the law nor be subjected to segregation or discrimination in the exercise or enjoyment of his civil or political rights because of religion, race, color, ancestry or national origin."

property taxes to the city. On June 15, 1992, the New London city council approved a budget and tax rate ordinance for the city pursuant to the provisions of the city charter. On June 29, 1992, petitions were filed with the city clerk by a group of nonresident taxpayers, including the plaintiffs, requesting a repeal of the ordinance, or, in the alternative, that the ordinance be submitted to referendum. On June 30, 1992, the city council voted to submit the ordinance to referendum on August 11, 1992.

On July 7, 1992, the plaintiffs sought to register to vote on the referendum. Their petition was denied by the registrar of voters because of the requirement in the New London city charter that all electors be residents of the municipality.

On October 26, 1992, the plaintiffs commenced this action. They sought injunctive relief, prohibiting the city from proceeding with any referenda until the plaintiffs were admitted as electors and permitted to vote in all referenda. In addition, the plaintiffs sought declaratory relief that the actions of the defendants were contrary to General Statutes § 7-6 and the city charter and denied them their constitutional rights to equal protection.

Practice Book § 384 requires that summary judgment "be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The plaintiffs do not quarrel with the finding by the trial court that no issue of material fact exists, rather, they contend that the trial court failed to apply the proper legal principles to the undisputed facts.

We have carefully reviewed the entire record, briefs, and the oral argument of the attorney for the defend-

ants[3] and are satisfied that the trial court correctly rendered summary judgment in the defendants' favor and that the judgment should be affirmed. We have also carefully reviewed the trial court's memorandum of decision. *Massad* v. *New London*, 43 Conn. Sup. 297, 652 A.2d 531 (1993). That memorandum of decision accurately reflects the Connecticut law governing this action. Nothing would be accomplished by our recitation of what the trial court has already so ably stated.

Accordingly, we adopt the well reasoned memorandum of decision of the trial court as a statement of the facts and the law applicable to the proper resolution of this case. See, e.g., *In re Emmanuel M.*, 35 Conn. App. 276, 278, 648 A.2d 881, cert. denied, 231 Conn. 915, 648 A.2d 151 (1994); *Forge Square Associates Ltd. Partnership* v. *Construction Services of Bristol, Inc.*, 33 Conn. App. 669, 673, 638 A.2d 606, cert. denied, 229 Conn. 913, 642 A.2d 1207 (1994).

The judgment is affirmed.

---

[3] The plaintiffs failed to appear at oral argument.