[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves a petition filed by the Department of Children and Families (hereinafter the "Department) which seeks to terminate the parental rights of Christine S. and Dennis S. to their daughter, Courtney S., whose date of birth is October 20, 1991. The petition was filed on June 24, 1998, and amended on August 14, 1998.
A default trial was held on August 14, 1998. The Court finds that all parties were duly served, and the mother has court appointed counsel. Neither mother nor father appeared at the trial, although mother's counsel was present. Neither the mother nor the father have ever appeared at any hearings in connection with this termination. The father had previously been represented by counsel who moved to withdraw on July 17, 1998 on the basis that he had had no contact with his client and was unaware of father's whereabouts. Counsel's motion was granted. The court has jurisdiction over this matter; there is no pending action affecting custody of this child in any other court; and reasonable efforts have been made to locate the parents and reunify the family.
The Department seeks this termination on the grounds that the child has been abandoned by the mother and the father in the sense that the parents failed to maintain a reasonable degree of interest, concern, or responsibility as to the welfare of the child; the child has been found in a prior proceeding to have been neglected or uncared for, and the mother and father have failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of the child, they could assume a responsible position in the life of the child; and the child has been denied by reason of an act or acts of commission or omission by the mother and the father the care, guidance or control necessary for her physical, education, moral or emotional well being. The Department further alleges that all of these grounds have existed for not less that one (1) year prior to June 24, 1998, when the CT Page 14499 action was commenced.
The court, having reviewed the verified petition, summary of facts and social study, and having heard the testimony of Maria Armstrong, Department social worker, and Carol D'Amora, child's therapist, makes the following factual findings and reasonable inferences supported by those findings:
FINDINGS OF FACT
The evidence revealed that Courtney went into the care of the Department on October 1, 1995 under a 96 hour hold due to alleged sexual abuse by mother's live-in boyfriend. On October 4, 1995, a neglect petition along with an application for Order of Temporary Custody was filed. Courtney was committed to the Department on May 23, 1996. The commitment was extended effective May 23, 1997 and May 23, 1998. The court made a finding that reunification efforts were no longer appropriate on May 23, 1998.
On October 1, 1995, Courtney revealed to the foster mother that Tom put his finger up her butt. Tom Peno was mother's boyfriend. In February, 1996, Courtney disclosed to the foster mother that her father had sexually abused her. On August 20, 1997, Courtney disclosed to Connecting Children and Families therapist Carol D'Amora that her mother told her to touch mother's breast and vagina with her hands. Courtney reported that she watched mother in sexual activity with her father and on another occasion with boyfriend, Tom Peno. Courtney reported that her mother watched father and Tom sexually abuse her. During the abuse Courtney reported that her mother told her to be quiet and to stop yelling.
Ms. Christine S. has a history of involvement with the Department dating back to 1994, and has been offered numerous services by the Department. Initially Ms. S. participated in counseling and completed twelve (12) sessions of parent training at Genesis Center. Mother has participated, for a while, in family therapy with Courtney through Connecting Children and Families. Mother was to be evaluated by Dr. Anderson to address the sexual abuse allegations, but failed to successfully complete that evaluation or any sexual offender treatment. Until August, 1997, Ms. S. was in compliance with the expectation that she visit her child, and was having unsupervised visits. When Courtney disclosed sexual abuse by her mother in August, 1997, mother gradually began to falter in her visitation. In February, CT Page 14500 1998, Ms. S. relocated to Florida and has not seen her child since February 7, 1998. From October 27, 1997 to August 14, 1998, mother visited Courtney on three (3) occasions. Mother has not call Courtney, no sent the child any cards, letters or presents and has not acknowledged birthdays or holidays.
Mr. Dennis S. was arrested on October 22, 1986 for risk of injury to a minor and was convicted on May 27, 1987 of sexual assault on his step-daughter, then seven (7) years old. On October 28, 1996, Mr. S. was advised that he would need to attend a sexual offenders evaluation before he would be able to have contact with his daughter, Courtney. In August, 1997, in an Administrative hearing he informed the Department that he would participate in a sex offender's evaluation. Mr. S. never completed the evaluation or course. His last contact with Courtney was in February, 1996. His last contact with the Department was on August 8, 1997, when he again agreed to have a sexual offenders evaluation. He never made an appointment with the evaluator and was never evaluated. Ms. S. has not called the Department to inquired about his daughter's welfare; has not sent any letters, cards or presents to be delivered to the child; and has not acknowledged birthdays or holidays.
The first referral the Department received on this child was on October 19, 1994 from Family Care Specialist in Glastonbury, that Courtney, then three (3) years old, had suffered from vaginal pain for about two (2) months. Courtney has been in a total of five (5) foster homes and specialized foster homes since her removal from home on October 1, 1995. She has been involved in individual counseling at United Services and Connecting Children and Families, where she continues in therapy with Carol D'Amora; has undergone psychological evaluations and several sexual abuse evaluations and interviews. Ms. D'Amora testified that Courtney is a very damaged child, will have difficulties in life because of the abuse she has suffered, and will need extensive help.
ADJUDICATION
With respect to the statutory grounds for termination of parental rights, the court finds, by clear and convincing evidence, that as of June 24, 1998, this child has been abandoned by her mother and her father, as neither of them has maintained a reasonable degree of interest, concern or responsibility for her. "A parent must maintain a reasonable degree of interest in the CT Page 14501 welfare of his or her child. `Maintain' implies a continuing reasonable degree of concern." In re Michael M.,29 Conn. App. 112, 614 A.2d 832 (1992) quoting In re Rayna M., 3 Conn. App. 23, 37-38,534 A.2d 897 (1987). Father's last contact with Courtney was in February, 1996. His last contact with the Department was August, 1997. He has not made any calls to inquire about the child's welfare; nor has he sent any cards, letters or gifts to be delivered to Courtney. Mother's last contact with Courtney was February 7, 1998. She visited her child three (3) times from October 27, 1997 to August 14, 1998. Mother relocated to Florida, even though her child was in foster care here in Connecticut. With respect to father, the Court finds that this ground has existed for a period exceeding one (1) year. With respect to mother, the Court finds that this ground has not existed for a period exceeding one (1) year, however, the one (1) year requirement is hereby waived in that under the totality of the circumstances surrounding this child, termination of mother's parental rights would promote the child's best interests. Mother has made it clear by her total lack of contact since February, 1998, and her sparse visitation prior to that, that she no longer intends to include this child in her life.
The court finds that the petitioner has established by clear and convincing evidence, that both parents have failed to achieve such a degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of this child, they could assume a responsible position in the life of their child. C.G.S. Sec. 17a-112(c)(3)(B). The father sexually abused this child, and was convicted of sexually abusing another child. Father has totally failed to involve himself in any therapy to address his sexual offender issues, even though he knew that he must do this to resume any contact or relationship with the child. Even though mother was complying, with expectations in the beginning of Courtney's commitment to the Department, once it was revealed that she had also sexually abused this child, her involvement faltered. She too, failed to follow through with services offered, including sexual offender treatment, which was required for her to be reunited with her child. With respect to father, the court finds that this ground has existed for a period exceeding one (1) year. With respect to mother, the court finds that this ground has not existed for more that one (1) year, however, the one (1) year requirement is hereby waived, on the basis that the totality of circumstances surrounding this child indicate that termination of mother's CT Page 14502 parental rights will promote Courtney's bests interest. Until August, 1997, mother was participating in substance abuse treatment, parenting training, and visiting Courtney regularly. Since August, 1997, mother's participation in reunification efforts has dwindled to nothing.
With respect to the ground that the child has been denied by reason of an act or acts of commission or omission by the mother and father the care, guidance or control necessary for her physical, educational, moral or emotional well being, said ground is dismissed. An adjudication under this ground "requires proof of specific conduct that has caused serious injury to a child". This specific conduct can be proven through direct or circumstantial evidence. In re Emmanuel M., 43 Conn. Sup. 109,648 A.2d 904 (1994), affirmed, 35 Conn. App. 276, 648 A.2d 881, cert. denied, 231 Conn. 915, 648 A.2d 151. Courtney has been in the continuous care of the Department since her commitment to the Department on May 23, 1996, and has suffered no injury at the hands of either parent since that time.
REQUIRED FINDINGS
The court makes the following factual findings based upon the clear and convincing evidence required by C.G.S. Sec. 17a-112(e):
(1) Appropriate and timely services were provided by the Department to mother, including parenting classes, substance abuse treatment, visitation and sexual offender evaluation and treatment. Father was required, and agreed, to participate in a sexual offenders evaluation and any recommended treatment, but failed to do so. These were appropriate services under the circumstances of this case.
(2) The court finds by clear and convincing evidence that the Department made reasonable efforts to reunify this child with her mother and father. Mother was initially addressing her issues around substance abuse and parenting. The most important issue for both of these parents in order to be reunified with their child was sexual offender evaluations and treatment, which neither parent followed through with.
(3) Reasonable and realistic goals were set by the Department in Expectations dated and signed by the mother and father on May 23, 1996. After the allegations of sexual abuse were made by Courtney against each parent, each parent was then informed that CT Page 14503 sexual offender evaluations and treatment would be required before reunification could take place. Neither parent followed through with this expectation.
(4) Regarding the child's emotional ties to her parents, Carol D'Amora, child's therapist, testified that Courtney has mixed feelings about her mother. She misses her mother, however, she believes that her mother doesn't care about her anymore. She sometimes feels that she has driven her mother away by telling the truth. However, she also feels that her mother has betrayed her trust, and wishes her mother could have protected her. Courtney has no relationship with her father. She does not speak or ask about him. He is non-existent in her life. When observed with her foster parents, Courtney demonstrates affection and joy. They are an extremely positive influence in this child's life.
(5) Courtney is how seven (7).
(6) Regarding efforts of the parents to adjust their circumstances, conduct or conditions to make it is the best interests of the child to return to their home in the foreseeable future and (A) the extent to which the parents have maintained contact with the child as part of an effort to reunite the child with the parents, and (B) the maintenance of regular contact or communications with the guardian or other custodian of the child; father has make no effort to reunite with his child, except for the unfulfilled promise to engage in a sexual abuse evaluation. Mother initially made efforts to avail herself of services offered to assist her in reuniting with her child, however, basically stopped after the child's disclosure that mother has sexually abused her and did nothing to stop others from sexually abusing her.
(7) No inappropriate conduct is noted on the part of anyone which would have prevented the parents from having a meaningful relationship with Courtney. The Department took reasonable step to encourage the parents to have such a relationship with their daughter. There was no evidence that economic circumstances prevented either parent from having a meaningful relationship with their child.
DISPOSITION
Courtney has been out of her parents' care since October 1, 1995. She received very little nurturing from her parents, and CT Page 14504 was severely abused while in their care. She requires stability which neither of her parents is now, or within a reasonable period of time, able to provide for her. Her therapist testified that Courtney needs to sever her relationship with her mother in order to grow and move on emotionally. She needs to know where she is going in her life. She needs to be with people who love and will protect her.
It is, therefore, in her best interest that a termination of parental rights enter with respect to the mother Christine S. and the father Dennis S., and accordingly, a termination of their parental rights is ordered. The Commissioner of the Department of Children and Families is hereby appointed the statutory parent. A permanency plan for this child shall be submitted within ninety (90) days. A review plan shall be filed in accordance with state and federal law.
Patricia Harleston, Judge