# ROBERT PECAN *v.* PERRY MADIGAN ET AL.
## (AC 26607)

Schaller, Rogers and Foti, Js.

Argued May 1—officially released September 19, 2006

*Neil Johnson*, for the appellant (plaintiff).

*William C. Berry*, for the appellees (named defendant et al.).

*Opinion*

FOTI, J. The plaintiff, Robert Pecan, appeals from the judgment of the trial court rendered in favor of the defendants Perry Madigan and Andre Dumas.[1] On appeal, the plaintiff claims that the court improperly granted Madigan's and Dumas' motion to strike. We reverse the judgment of the trial court.

The plaintiff allegedly suffered injuries when he slipped and fell on property owned by the housing authority of the town of East Hartford (housing authority) on January 16, 2001. On May 6, 2002, the plaintiff filed a complaint alleging negligence by the housing authority, which was named as the sole defendant. On January 22, 2003, while that action still was pending, the plaintiff filed a seven count complaint in the present action, naming four defendants: Madigan, the executive director of the housing authority; Dumas, the head of maintenance for the housing authority; the town of East Hartford (town); and Billy Taylor, the director of public works for the town. Counts one and three of the plaintiff's complaint alleged negligence by Madigan and Dumas, and counts two and four alleged that they also

---

[1] The other defendants in this case, the town of East Hartford and Billy Taylor, are not parties to this appeal.

had acted recklessly. Count five related to the town and counts six and seven related to Taylor, but those three counts are not relevant to this appeal.[2]

Madigan and Dumas moved to strike the negligence and recklessness counts directed against them on the basis of the prior pending action doctrine. They also moved to strike the recklessness counts on the ground of failure to state a claim on which relief could be granted. On September 19, 2003, the court granted Madigan's and Dumas' motion to strike the negligence and recklessness counts directed against them. On the order page of the motion, the court wrote: "As to [the] prior pending action doctrine, only. I have reviewed both [the prior and the present actions], and there is substantial identity of parties and issues. Although the parties and issues appear to be somewhat in flux in the [prior action], efforts have been made to include parties and issues, and the issues should be resolved in [the prior action]."

In subsequently articulating its ruling, the court noted that the plaintiff unsuccessfully had moved to cite in Madigan and Dumas as defendants in the prior action, in which the plaintiff had named the housing authority as the only defendant. Because Madigan and Dumas were employees of the housing authority, the court explained that the housing authority would be liable for Madigan's and Dumas' negligent conduct within the scope of their employment, and, therefore, "there appeared to be functional identity of parties and issues" in the prior and present actions. As to the allegations of recklessness, however, the court wrote: "At some point in the proceedings, the plaintiff argued that the [present] action against Madigan and Dumas should continue because they might be individually liable

---

[2] The court granted the motion for summary judgment filed by the town and Taylor as to the counts directed against them.

because of activity outside of the scope of employment. If indeed there could be liability not encompassed by the [housing] authority's liability, that position has considerable merit. My memory, however, is that there was never an explanation of how [Madigan and Dumas] reasonably could be liable if the [housing] authority were not liable, and the assertion was not persuasive." The court granted Madigan's and Dumas' motion for judgment on December 10, 2003. This appeal followed.[3]

We first set forth the law regarding the prior pending action doctrine because the court granted Madigan's and Dumas' motion to strike on the basis of that doctrine. "The prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court. The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally

---

[3] The plaintiff twice amended his complaint in the present action, first on October 20, 2003, and then again on December 2, 2003. Notably, the two amended complaints appear to be identical to the original complaint. The court sustained Madigan's and Dumas' objection to the first amended complaint because the plaintiff did not file it within fifteen days after the granting of the motion to strike pursuant to Practice Book § 10-44. Although Madigan and Dumas also objected to the second amended complaint as untimely, the court did not rule on that objection.

The filing of an amended complaint ordinarily constitutes a waiver of the right to appeal from the granting of a motion to strike the original pleading. See *Bross* v. *Hillside Acres, Inc.*, 92 Conn. App. 773, 777–78, 887 A.2d 420 (2006). Because the court sustained Madigan's and Dumas' objection to the first amended complaint, however, the original complaint remained the operative pleading, and the plaintiff retained his right to challenge the court's ruling on the motion to strike. We are not particularly troubled by the lack of a ruling on Madigan's and Dumas' objection to the second amended complaint because that complaint was untimely and did not differ from the first amended complaint and the original complaint. The plaintiff's purpose in filing the second amended complaint eludes us, as does the reason for the plaintiff's failure to make any amendments in his two amended complaints.

applicable, and always, where the two suits are virtually alike, and in the same jurisdiction. . . . We must examine the pleadings to ascertain whether the actions are virtually alike . . . and whether they are brought to adjudicate the same underlying rights." (Citations omitted; internal quotation marks omitted.) *Sandvig* v. *A. Debreuil & Sons, Inc.*, 53 Conn. App. 466, 469, 730 A.2d 646, cert. denied, 250 Conn. 920, 738 A.2d 659 (1999). "Any claim that the pendency of a prior suit between the same parties, for the same thing, will abate a latter suit . . . formerly could be raised by a plea in abatement. . . . The plea in abatement . . . has, however, since been replaced by the motion to dismiss." (Citations omitted; internal quotation marks omitted.) *Halpern* v. *Board of Education*, 196 Conn. 647, 652 n.4, 495 A.2d 264 (1985). "The prior pending action doctrine is properly raised via a motion to dismiss . . . ." *In re Jessica M.*, 71 Conn. App. 417, 427, 802 A.2d 197 (2002).

In the present case, Madigan and Dumas raised the prior pending action doctrine by way of a motion to strike. As we have indicated, the function of the motion to dismiss is different from that of the motion to strike. "[The motion to dismiss] essentially asserts that, as a matter of law and fact, a plaintiff cannot state a cause of action that is properly before the court. . . . [S]ee Practice Book § 10-31. By contrast, the motion to strike attacks the sufficiency of the pleadings. Practice Book § 10-39 . . . . There is a significant difference between asserting that a plaintiff cannot state a cause of action and asserting that a plaintiff has not stated a cause of action, and therein lies the distinction between the motion to dismiss and the motion to strike." (Citations omitted.) *Egri* v. *Foisie*, 83 Conn. App. 243, 247, 848 A.2d 1266, cert. denied, 271 Conn. 931, 859 A.2d 930 (2004).

With respect to counts one and three of the plaintiff's complaint, which alleged negligence by Madigan and

Dumas, the court should have treated the motion to strike as a motion to dismiss because the prior pending action doctrine properly is raised via a motion to dismiss. The court nonetheless applied the correct standard in examining the pleadings to determine whether the prior and the present actions are virtually alike and were brought to adjudicate the same underlying rights. On the basis of our review of the pleadings, we conclude that the court properly determined that the prior pending action doctrine applies to the negligence counts directed against Madigan and Dumas.[4] Rather than striking those counts, however, the court should have dismissed them. We therefore must remand the case with direction to dismiss counts one and three of the plaintiff's complaint.

Counts two and four of the plaintiff's complaint, which alleged recklessness by Madigan and Dumas, were not subject to dismissal pursuant to the prior pending action doctrine because there was no mention of recklessness in the plaintiff's complaint in the prior action.[5] Instead, the recklessness counts were subject

[4] The prior action alleged negligence by the housing authority. Counts one and three of the plaintiff's complaint in the present action alleged negligence by Madigan and Dumas, employees of the housing authority. The two actions are virtually alike and were brought to adjudicate the same underlying rights because General Statutes § 8-41a provides that "[e]ach housing authority shall protect and save harmless any commissioner or any full-time employee of such authority from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of alleged negligence, or for alleged infringement of any person's civil rights, on the part of such commissioner or such employee while acting in the discharge of his duties."

[5] Allegations of recklessness differ from allegations of negligence because "reckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. . . . [S]uch aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention." (Internal quotation marks omitted.) *Craig* v. *Driscoll*, 262 Conn. 312, 343, 813 A.2d 1003 (2003).

to a motion to strike on Madigan's and Dumas' alternate ground of failure to state a claim on which relief could be granted. As the order page of the motion to strike indicates, the court did not consider that ground. The court ruled on the negligence and recklessness counts only on the basis of the prior pending action doctrine.

In its subsequent articulation, the court inconsistently explained that it had stricken the recklessness counts because "there was never an explanation of how [Madigan and Dumas] reasonably could be liable if the [housing] authority were not liable, and the assertion was not persuasive." The articulation suggests that the recklessness counts were legally insufficient because the plaintiff failed to allege enough facts to support them. The legal sufficiency of the pleadings is indeed the proper focus in ruling on a motion to strike. We must recognize, however, that "[t]he purpose of an articulation is to dispel any . . . ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the issues on appeal. . . .

"An articulation is not an opportunity for a trial court to substitute a new decision nor to change the reasoning or basis of a prior decision. . . . [A] trial court may not alter its initial findings by way of a further articulation . . . ." (Citations omitted; internal quotation marks omitted.) *Fantasia* v. *Milford Fastening Systems*, 86 Conn. App. 270, 283–84, 860 A.2d 779 (2004), cert. denied, 272 Conn. 919, 866 A.2d 1286 (2005).

Although the court may have been correct in its articulation that the recklessness counts against Madigan and Dumas were legally insufficient, the court already ruled improperly that those counts were to be stricken pursuant to the prior pending action doctrine. We therefore must remand the case for further proceedings on counts two and four of the plaintiff's complaint.

The form of the judgment is improper as to counts one and three of the plaintiff's complaint, the judgment is reversed and the case is remanded with direction to dismiss those counts and for further proceedings on counts two and four consistent with this opinion.

In this opinion the other judges concurred.