GERI B. SARACINO *v.* HARTFORD FINANCIAL
SERVICES GROUP, INC., ET AL.
(AC 28588)

McLachlan, Lavine and Foti, Js.

Argued March 11—officially released April 29, 2008

*Thomas J. Weihing*, with whom, on the brief, were
*John T. Bochanis* and *Janice L. Rosenfeld*, for the
appellant (plaintiff).

*Diana Garfield*, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Geri B. Saracino, appeals
from the judgment of the trial court granting the motion
to dismiss her action filed by the defendants, Hartford
Financial Services Group, Inc. (the Hartford),[1] and John
D. Hale. On appeal, the plaintiff claims that the court
improperly dismissed her action on the ground that it
was barred by the prior pending action doctrine. We
affirm the judgment of the trial court.

The following facts and procedural history are rele-
vant to our resolution of the plaintiff's appeal. The plain-
tiff starting working for the Hartford in approximately
April, 1990, as a technical supervisor, and through pro-
motions, eventually became the manager of New
England commercial claims. At some point in early

---

[1] The plaintiff also named as a defendant the Hartford, the trade name
under which Hartford Financial Services Group, Inc., operates.

2003, the plaintiff learned through her supervisor, Hale, that the Hartford was seeking a territorial manager for the Northeast region. The plaintiff applied for the promotion and subsequently was informed that she was one of two finalists for the position. As a result, the defendants, believing that the plaintiff was going to be promoted, began to reassign her job responsibilities as manager of New England commercial claims to other individuals. In March, 2003, the plaintiff was informed that she was not selected for the promotion, and in June, 2003, the defendants eliminated the plaintiff's position.

On July 7, 2005, the plaintiff filed the lawsuit underlying this appeal against the Hartford, seeking monetary damages and alleging misrepresentation, breach of contract and breach of the implied covenant of good faith and fair dealing. (*Saracino I.*) After filing *Saracino I*, the plaintiff failed to make a timely claim for a jury trial. As a result, on April 4, 2006, the court, *Tanzer*, *J.*, granted the defendants' motion to strike *Saracino I* from the jury docket, and on May 8, 2006, the court denied the plaintiff's motion to reargue that decision.

Accordingly, on June 29, 2006, the plaintiff filed her second action seeking monetary damages and alleging promissory estoppel, intentional infliction of emotional distress and negligent infliction of emotional distress. (*Saracino II.*) In *Saracino II*, however, the plaintiff named as defendants Hartford Financial Services Group, Inc., the Hartford and Hale. On July 24, 2006, the defendants filed a motion to dismiss on the ground that *Saracino II* is barred by the prior pending action doctrine. The court, *Wiese*, *J.*, granted the defendants' motion to dismiss. This appeal followed.

The sole issue in this appeal is whether the court properly dismissed *Saracino II* on the ground that it was barred by the prior pending action doctrine. The prior pending action doctrine provides: "The pendency

of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious." (Internal quotation marks omitted.) *Hunting* v. *Chambers*, 99 Conn. App. 664, 667, 916 A.2d 56, cert. denied, 283 Conn. 901, 926 A.2d 669 (2007). The plaintiff argues on appeal that the action was not barred by the prior pending action doctrine because *Saracino II* alleged entirely new causes of action and because the parties were different in *Saracino II*, as Hale was added as a defendant.

We have reviewed carefully the entire record, briefs and the oral arguments and are satisfied that the court correctly granted the defendants' motion to dismiss the plaintiff's second action. Also, we have reviewed carefully the trial court's memorandum of decision. *Saracino* v. *Hartford Financial Services Group, Inc.*, 50 Conn. Sup. 503, 946 A.2d 954 (2007). The memorandum of decision accurately reflects the Connecticut law governing this action. It would serve no useful purpose to repeat the discussion contained therein.

Accordingly, we adopt the well reasoned memorandum of decision of the trial court as a statement of the facts and the law applicable to the proper resolution of this case. See, e.g., *Universal Underwriters Ins. Co.* v. *Paradis*, 285 Conn. 342, 347, 940 A.2d 730 (2008); *Hotshoe Enterprises, LLC* v. *Hartford*, 284 Conn. 833, 837, 937 A.2d 689 (2008); *Massad* v. *New London*, 36 Conn. App. 584, 587, 652 A.2d 529 (1995).

The judgment is affirmed.