946 A.2d 954 (2008)
50 Conn.Sup. 503
Geri B. SARACINO
v.
HARTFORD FINANCIAL SERVICES GROUP, INC., et al.
No. CV XX-XXXXXXX.
Superior Court of Connecticut, Judicial District of Hartford.
Memorandum filed February 5, 2007.[*]
April 30, 2008.
*956 C. Dean Pulos, for the plaintiff.
Diana Garfield, Hartford, for the defendants.

WIESE, J.

I
PROCEDURAL HISTORY
This case comes before the court on the defendants' motion to dismiss the second of two actions filed by the plaintiff, Geri B. Saracino, on the basis of the prior pending action doctrine. Both actions arise from the termination of the plaintiff's employment.
On July 7, 2005, the plaintiff filed a three count complaint (Saracino I) against the defendants, Hartford Financial Services Group, Inc., and the Hartford,[1] seeking monetary damages, and alleging misrepresentation, breach of contract and breach of the implied covenant of good faith and fair dealing. In Saracino I, the plaintiff alleged the following facts that are relevant to the present case. The plaintiff, a former employee of the Hartford, was the manager of New England commercial claims. Sometime in early 2003, the plaintiff learned that the Hartford was seeking a territorial manager for the Northeast region. After applying for the promotion, the defendants informed the plaintiff that she was one of two finalists for the position. Thereafter, with the expectation that the plaintiff was soon to be promoted, the defendants began to reassign the plaintiff's job responsibilities as manager of New England commercial claims to other individuals.
In March, 2003, the plaintiff was advised that she was not selected for the promotion, and in June of that year, the defendants eliminated the plaintiff's position. After filing Saracino I in July, 2005, the plaintiff failed to make a timely claim for a jury trial as required by Practice Book § 14-10. Accordingly, on April 4, 2006, following the defendants' motion to strike the case from the jury list, the court, Tamer, J., granted the defendants' motion to strike Saracino I from the jury docket *957 and, on May 8, 2006, denied the plaintiff's motion to reargue that decision.
Thereafter, on June 29, 2006, the plaintiff filed her second action seeking monetary damages (Saracino II), a three count complaint alleging promissory estoppel, intentional infliction of emotional distress and negligent infliction of emotional distress. In addition to naming the corporate defendants from the first action, Saracino II also includes the plaintiff's former supervisor, John D. Hale, as a party defendant. Unlike Saracino I, however, the plaintiff expressly names her former supervisor, Hale, as the individual who made these alleged representations on behalf of the Hartford. The plaintiff also contends that this discourse between Hale and the plaintiff caused her to suffer severe emotional distress.
On July 24, 2006, the defendants collectively filed the present motion to dismiss on the ground that Saracino II is barred by the prior pending action doctrine. The defendants have filed a memorandum of law in support of their motion. On October 11, 2006, the plaintiff filed a memorandum of law in opposition. The defendants filed a reply memorandum of law on October 16, 2006. The issue in the present case, Saracino II, is whether the court should grant the defendants' motion to dismiss on the basis of the prior pending action doctrine. The defendants argue that the prior pending action doctrine bars Saracino II because Saracino I and Saracino II are "virtually alike" in that they involve the same real parties in interest, seek to achieve the same goals and arise out of the same factual background. In response, the plaintiff contends that the motion to dismiss should be denied because she has asserted three different claims and has added a defendant.

II

DISCUSSION
"A motion to dismiss tests, inter aha, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "[I]n ruling on a motion to dismiss, the trial court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Fort Trumbull Conservancy, LLC v. New London, 265 Conn. 423, 432-33, 829 A.2d 801 (2003). Although "the prior pending action rule does not truly implicate the subject matter jurisdiction of the court . . . the motion to dismiss [is] the proper device by which to request that the trial court dismiss the second action." (Citations omitted.) Halpern v. Board of Education, 196 Conn. 647, 652 n. 4, 495 A.2d 264 (1985).
"The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction." (Internal quotation marks omitted.) Cumberland Farms, Inc. v. Groton, 247 Conn. 196, 216, 719 A.2d 465 (1998). "Connecticut has long recognized that two suits shall not be brought for the determination of matters in controversy between the same parties, whether relating to legal or equitable rights, or to both, when such determination can be had as effectually and properly in one suit." (Internal quotation marks *958 omitted.) BCBS Goshen Realty, Inc. v. Planning & Zoning Commission, 22 Conn.App. 407, 408, 577 A.2d 1101 (1990). "The policy behind the prior pending action doctrine is to prevent unnecessary litigation that places a burden on our state's already crowded court dockets." (Internal quotation marks omitted.) Beaudoin v. Town Oil Co., 207 Conn. 575, 588, 542 A.2d 1124 (1988). "[T]he trial court has broad discretion in applying the prior pending action doctrine." (Internal quotation marks omitted.) Anastasio v. Saint Raphael Healthcare System, Inc., Superior Court, judicial district of New Haven, Docket No. CV-04-0489151-S, 2005 WL 1868804 (July 6, 2005) (Lopez, J.).
"A court applying the prior pending action doctrine must examine the pleadings to ascertain whether the actions are virtually alike . . . and whether they are brought to adjudicate the same underlying rights." (Internal quotation marks omitted.) Schoonmaker v. Laivrence Brunoli, Inc., 265 Conn. 210, 230 n. 22, 828 A.2d 64 (2003). If "the present case and the prior pending action both (1) arise from the same factual background, (2) include the same parties and (3) seek the same goals or objectives," the motion to dismiss on the basis of the prior pending action doctrine may properly be granted. Modzelewski v. William Raveis Real Estate, Inc., 65 Conn.App. 708, 714, 783 A.2d 1074, cert, denied, 258 Conn. 948, 788 A.2d 96 (2001); see also Anastasio v. Saint Raphael Healthcare System, Inc., supra, Superior Court, Docket No. CV-04-0489151-S, 2005 WL 1868804; Duprey v. Izzo, Superior Court, judicial district of Tolland, Docket No. CV-02-0078548-S, 2002 WL 31304212 (September 17, 2002) (Scholl, J.). "The law regarding when an action should be dismissed under the [prior pending action] doctrine is to some degree obscure and there is no clear, definite and workable rule to be applied generally." (Internal quotation marks omitted.) Harbor Vista Associates Ltd. Partnership v. Yankee Management, Inc., Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-95-0143141-S, 1995 WL 91405 (February 21, 1995) (D'Andrea, J.).
In support of their motion to dismiss, the defendants argue that the assertion of legal theories different from those alleged in a prior pending action does not prevent the application of the prior pending action doctrine when the two actions are brought to obtain the same end or objectives. In response, the plaintiff argues that Saracino I and Saracino II are not "virtually identical" as "there are entirely new causes of action alleged" in the present case. In support of her contention that the prior pending action doctrine is inapplicable when a party asserts additional or different claims in a subsequent action, the plaintiff cites a recent Appellate Court case, Pecan v. Madigan, 97 Conn.App. 617, 905 A.2d 710 (2006), cert, denied, 281 Conn. 919, 918 A.2d 271 (2007), and a Superior Court case, Anastasio v. Saint Raphael Healthcare System, Inc., supra, Superior Court, Docket No. CV-04-0489151-S, 2005 WL 1868804.
These cases, however, are inapposite to the present matter. In Pecan, after sustaining injuries from a slip and fall accident, the party plaintiff filed a complaint alleging negligence against the housing authority that owned the property where the fall occurred. The party plaintiff later filed a subsequent action alleging both negligence and recklessness on the part of the housing authority and several other party defendants arising from the same slip and fall. After the trial court dismissed the second action's recklessness claims, the Appellate Court reversed that *959 judgment, reasoning that the additional factual allegations supporting the recklessness claims in the second action gave rise to additional rights, which thus prevented dismissal pursuant to the prior pending action doctrine. See Pecan v. Madigan, supra, 97 Conn.App. at 622-23, 905 A.2d 710.
Similarly, in Anastasio, the actions arose after the party plaintiff suffered alleged injuries that resulted after he was both detained by the defendant hospital's hired security, the defendant Murphy Security Services, LLC (Murphy Security), and subsequently treated by the hospital. The party plaintiff first filed a ten count complaint against Murphy Security and the hospital, alleging battery, false imprisonment, and negligence against Murphy Security, and claims for vicarious liability for Murphy Security's torts, as well as an independent claim for negligence against the hospital. The plaintiff later filed a second action alleging battery, false imprisonment, negligence, negligent infliction of emotional distress, intentional infliction of emotional distress and medical health professional malpractice against the hospital.
After the hospital filed a motion to dismiss on the ground that the second action was barred by the prior pending action doctrine, the court denied the motion. The court reasoned that because the first action was premised almost entirely on allegations detailing the manner in which the initial detention was made, while the second action was based on the hospital's alleged conduct in treating the plaintiff after he was detained, the two actions were not virtually alike as they were "not premised on the same factual circumstances and d[idj not seek the same goals or objectives." Anastasio v. Saint Raphael Healthcare System, Inc., supra, Superior Court, Docket No. CV-04-0489151-S, 2005 WL 1868804.
In the present case, while the plaintiff does advance different theories of liability, in both Saracino I and Saracino II, the prayers for relief, which request overlapping monetary damages, seek to accomplish the same ends and objectives. Although Saracino II sets forth claims for promissory estoppel, intentional infliction of emotional distress and negligent infliction of emotional distress, while Saracino I asserts claims for breach of contract, breach of the implied covenant of good faith and fair dealing and negligent misrepresentation, both cases contain virtually identical factual allegations. Our Supreme Court has determined that when a plaintiff interposes different legal theories from those asserted in a prior pending action, dismissal is appropriate when such theories are "merely different ways to characterize how the defendant's actions resulted in liability to the plaintiff." Beaudoin v. Town Oil Co., supra, 207 Conn, at 587, 542 A.2d 1124; see also Sandvig v. A. Debreuil & Sons, Inc., 53 Conn.App. 466, 469, 730 A.2d 646, cert. denied, 250 Conn. 920, 738 A.2d 659 (1999). In the present case, an examination of the pleadings reveals that both actions arise out of the same course of conduct involving the alleged representations concerning the availability of the new managerial position made to the plaintiff by her supervisor, Hale. Therefore, in both Saracino I and Saracino II, unlike the cases cited by the plaintiff in support of her memorandum in opposition, the rights and liabilities asserted in each of her actions are based entirely on the same underlying facts. Thus, in each action, the plaintiff seeks to adjudicate the same underlying rights.
The plaintiff also argues that the addition of Hale as a party defendant prevents the application of the prior pending action *960 doctrine as there is no "strict identity of parties." The defendants disagree, arguing that the addition of Hale is immaterial, citing General Statutes § 33-454a for the proposition that the Hartford is the real party in interest.[2]
Although our courts have often required "strict identity of the parties" for the doctrine to apply; see, e.g., Conti v. Murphy, 23 Conn.App. 174, 178-79, 579 A.2d 576 (1990); in a number of instances, the Superior Courts have applied the doctrine in the absence of such "complete identity." See, e.g., Cash v. Choice Design, Inc., Superior Court, judicial district of New Haven, Docket No. CV-92-336416-S, 1992 WL 310616 (October 16, 1992) (Hodden, J.) (7 Conn. L. Rptr. 489). Other courts have recognized that the doctrine may be utilized to dismiss subsequent actions despite "superficial differences" in the parties. See, e.g., Halpern v. Board of Education, supra, 196 Conn, at 651, 495 A.2d 264; Gaudio v. Gaudio, 23 Conn.App. 287, 296, 580 A.2d 1212, cert, denied, 217 Conn. 803, 584 A.2d 471 (1990). Notwithstanding this evident incongruity, for the purpose of applying the prior pending action doctrine, in the present case, the court finds that when a party is seeking the same relief in multiple pending actions that arise from the same set of underlying facts, a corporate defendant and its agent acting within the scope of his or her employment should be regarded as the same party. See Chiang v. Pyro Chemical, Inc., Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-96-0151317-S, 1997 WL 330622 (June 5, 1997) (Karazin, J.).
Although the plaintiff has specifically named Hale as an additional defendant in the present action, the plaintiff does refer to Hale in Saracino I by referencing generally the statements made by the defendants' "agents, servants and/or employees" and her "supervisor's representations." "The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically." (Internal quotation marks omitted.) Beaudoin v. Town Oil Co., supra, 207 Conn, at 587-88, 542 A.2d 1124. Construing the present complaint in the light most favorable to the pleader, for the purpose of applying the prior pending action doctrine, the plaintiff has not alleged any facts demonstrating that the express addition of Hale as a party defendant prevents this court from dismissing the present action. Other than adding a conclusory assertion that Hale's representations caused the plaintiff to suffer emotional distress, the complaint fails to allege facts demonstrating that Hale was acting outside the scope of his employment when he made the alleged representations to the plaintiff. Therefore, *961 given the virtually identical factual background, the court finds that both actions seek to adjudicate the same underlying rights between the plaintiff and the Hartford, the real party in interest.
Furthermore, the court's examination of the record reveals that the plaintiffs initiation of the present action appears to be an attempt to revive her untimely claim for a jury trial, which she lost in Saracino I. See Saracino v. Hartford Financial Services Group, Inc., Superior Court, judicial district of Hartford, Docket No. CV-05-4010041-S, 2006 WL 1046485 (April 4, 2006) (Tanzer, J.) (41 Conn. L. Rptr. 152). Permitting the plaintiff to resurrect her lost claim in this manner by raising claims that are substantially identical to those raised in the prior pending action would contravene the goal of maintaining orderly, efficient and consistent judicial processes. See Larobina v. McDonald, 274 Conn. 394, 409, 876 A.2d 522 (2005) ("allowing an action that raises claims that are substantially identical to claims raised in a prior action would undermine an orderly and efficient judicial process and would potentially lead to inconsistent verdicts"); see also Ackerman v. Sobol, Superior Court, judicial district of Hartford, Docket No. CV-05-4013285-S, 2006 WL 1461141 (May 11, 2006) (Hon. Mary R. Hennessey, judge trial referee).
Accordingly, because the plaintiffs actions seek to achieve the same goals and objectives, arise from the same factual background and involve the same parties, the defendants' motion to dismiss the present case, Saracino II, is granted.

III

CONCLUSION
The motion to dismiss is granted.
NOTES
[*] Affirmed. Saracino v. Hartford Financial Services Group, Inc., 107 Conn.App. 410, 945 A.2d 527 (2008).
[1] Throughout this opinion, the corporate defendants will be referred to collectively as the Hartford.
[2] In support of this position, in their memorandum of law filed on October 16, 2006, the defendants cite General Statutes § 33-454a, a statute that was repealed in 1996. See Public Acts 1996, No. 96-256, § 208. Although the court agrees with the position advanced by the defendants, the court directs the parties to the correct provision, General Statutes § 33-1117(a), which provides: "Except as otherwise provided in this section, a corporation may indemnify an individual who is a party to a proceeding because he is a director against liability incurred in the proceeding it: (1)(A) He conducted himself in good faith; (B) he reasonably believed (i) in the case of conduct in his official capacity, that his conduct was in the best interests of the corporation: and (ii) in all other cases, that his conduct was at least not opposed to the best interests of the corporation; and (C) in the case of any criminal proceeding, he had no reasonable cause to believe his conduct was unlawful; or (2) he engaged in conduct for which broader indemnification has been made permissible or obligatory under a provision of the certificate of incorporation as authorized by subdivision (5) of subsection (b) of section 33-1026."