ZELIHA SELIMOGLU *v.* MALY PHIMVONGSA ET AL.
(AC 30607)

Flynn, C. J., and Lavine and Foti, Js.

---

[8] In his reply brief, the defendant concedes that his historical analysis concerns only the right to testify.

Argued December 3, 2009—officially released March 2, 2010

*Juri E. Taalman*, with whom, on the brief, was *David W. Bush*, for the appellant (plaintiff).

*Kenneth J. Mastroni*, for the appellees (defendants).

*Opinion*

LAVINE, J. The plaintiff, Zeliha Selimoglu, appeals from the judgment of the trial court, granting the motion to dismiss her second action filed by the defendants, Maly Phimvongsa and Eastern Psychological Services, LLC (Eastern). On appeal, the plaintiff claims that the court, in reaching its conclusion, improperly applied

the prior pending action doctrine.[1] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of the plaintiff's appeal. The plaintiff commenced an action by filing with the Superior Court a three count complaint, returnable by February 12, 2008 (first case). The first complaint alleged the following facts. Phimvongsa was a licensed counselor employed by Eastern. The department of children and families (department), where the plaintiff worked as a social work supervisor, hired Eastern to be an outside contractor. In this role, Eastern provided case management services to the department, and Phimvongsa worked with a particular department client with mental health concerns.

On or about January 31, 2006, Phimvongsa was working with a department caseworker attempting to find residential placement for the department client. Phimvongsa and the caseworker were experiencing problems with the client and, some time after 5 p.m., called the plaintiff several times to ask for instruction. Department protocol prohibits outside contractors or department caseworkers from calling social work supervisors outside of normal business hours, which is from 8 a.m. until 5 p.m. The plaintiff instructed Phimvongsa to follow department protocol and to contact the department's telephone hotline to resolve any problems. At approximately 8:30 p.m., Phimvongsa and the caseworker brought the client to an office area in the department, which was not meant for contact between

---

[1] The plaintiff also claims that the allegations of the second action she filed were not barred by the applicable statute of limitations. The defendants, however, abandoned this claim during argument on their motion to dismiss and proceeded only on the ground that the complaint was barred by the prior pending action doctrine. As the argument was abandoned at trial, the court made no ruling on the statute of limitations issue, and thus the record on that issue is inadequate for our review. See Practice Book § 61-10 ("[i]t is the responsibility of the appellant to provide an adequate record for review").

department clients and caseworkers, where the client chased and attacked the plaintiff, causing her "severe personal and emotional injuries . . . ." The plaintiff complained that (1) Phimvongsa was negligent in her actions, (2) Eastern was responsible for Phimvongsa's negligence pursuant to the doctrine of respondeat superior and (3) Eastern was negligent in its training of Phimvongsa and failing to inform her of department protocol. She requested monetary damages and costs.

The plaintiff thereafter brought a second action by filing a second complaint on May 7, 2008 (second case). The first and second counts of the second complaint are identical to those found in the first complaint. The third count of the second complaint differs from its counterpart in the first complaint only in that it added three allegations of Eastern's negligence and two paragraphs concerning the plaintiff's injuries and economic damages.[2] The prayers for relief alleged in both complaints are identical. The most notable difference between the two complaints is that there is a "Statement of [a] Licensed Professional Counselor" and a "Good Faith Certificate"[3] attached to the second complaint.

The defendants filed a motion to dismiss the second complaint, claiming that "(1) the plaintiff has a pending lawsuit against the same defendants before the same court, involving identical factual allegations, and (2)

---

[2] Based on the numbering of the paragraphs of the first complaint, found in the appendix to the plaintiff's appellate brief, it appears that a page may be missing. The corresponding page in the second complaint contains the three allegations of Eastern's negligence and two paragraphs concerning the plaintiff's injuries and economic damages referenced previously. Although we will not speculate as to whether a page is missing and whether that page contains the same text as the corresponding page of the second complaint, we note that the two complaints are identical in all other respects.

[3] General Statutes § 52-190a (a) requires that a party filing a medical malpractice complaint provide "a certificate of the attorney or party filing the action . . . that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant . . . ."

the plaintiff's lawsuit is untimely pursuant to the statute of limitations governing said cause of action." The plaintiff filed an objection to the motion in which she claimed that the second complaint stated a cause of action in medical malpractice, whereas the first complaint espoused either an "unperfected malpractice" claim or, alternatively, a common-law negligence cause of action. The plaintiff also argued that she had filed a petition to extend the statute of limitations. Following argument, the court granted the defendants' motion to dismiss on the ground that the plaintiff had a prior pending action against the defendants involving identical factual allegations. The plaintiff now appeals from the court's dismissal of her second case.

Before we address the plaintiff's claim that the second complaint, purporting to allege medical malpractice, should not have been dismissed under the prior pending action doctrine, we first must articulate the relevant standard of review, which was recently clarified by our Supreme Court in *Bayer* v. *Showmotion, Inc.*, 292 Conn. 381, 973 A.2d 1229 (2009). "[T]he prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court. The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction. . . . *Cumberland Farms, Inc.* v. *Groton*, 247 Conn. 196, 216, 719 A.2d 465 (1998) . . . .

"The policy behind the prior pending action doctrine is to prevent unnecessary litigation that places a burden on our state's already crowded court dockets. . . . The rule, however, is not one of unbending rigor, nor of

universal application, nor a principle of absolute law . . . . Accordingly, the existence of claims that are virtually alike does not, in every case, require dismissal of a complaint. . . . We recognize that this statement of the scope of the doctrine's application, on the one hand, provides that the existence of claims that are virtually alike does not require dismissal in every case . . . while also suggesting that the doctrine is *always* applicable where the two actions are virtually alike, and in the same jurisdiction. . . .

"This language in our case law appears to have its genesis in the case of *Hatch* v. *Spofford*, 22 Conn. 485, 494 (1853), in which this court stated that the doctrine is not a rule of unbending rigor, nor of universal application, nor a principle of absolute law . . . it is rather a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction. In *Hatch*, this court further recognized that a second suit is not, of course, to be abated and dismissed as vexatious, but all the attending circumstances are to be first carefully considered, and the true question will be, what is the aim of the plaintiff? . . . The only certain rule on this subject . . . is, where the parties are the same and the second suit is for the same matter, cause and thing, or the same object is to be attained, as in the first suit and in the same jurisdiction, the second shall abate and be dismissed . . . .

"In order to determine whether the actions are virtually alike,[4] we must examine the pleadings . . . to

---

[4] Although it was not the law at the time the court granted the defendants' motion to dismiss, our Supreme Court, based on the language of *Hatch* v. *Spofford*, supra, 22 Conn. 485, recently concluded that the first step in the prior pending action doctrine analysis is that "the trial court must determine . . . whether the two actions are: (1) *exactly* alike, i.e., for the same matter, cause and thing, or seeking the same remedy, and in the same jurisdiction; (2) virtually alike, i.e., brought to adjudicate the same underlying rights of the parties, but perhaps seeking different remedies; or (3) insufficiently similar to warrant the doctrine's application. . . . If the two actions are

ascertain whether the actions are brought to adjudicate the same underlying rights of the parties. . . . The trial court's conclusion on the similarities between the cases is subject to our plenary review." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Bayer* v. *Showmotion, Inc.*, supra, 292 Conn. 395–98.

The plaintiff claims that the prior pending action doctrine is not applicable in this case because the two matters are dissimilar. Specifically, she argues that her second case sounds in medical malpractice, not negligence. She supports her contention by focusing on the fact that she attached an expert opinion and good faith certificate; see footnote 2 of this opinion; to her second complaint and that she labeled the claims differently on the respective summonses. Those differences are not sufficient to persuade us that the two actions are not virtually alike for purposes of the prior pending action doctrine.

"[T]he interpretation of pleadings is always a question of law for the court . . . . Our review of the trial court's interpretation of the pleadings therefore is plenary." (Internal quotation marks omitted.) *Boone* v. *William W. Backus Hospital*, 272 Conn. 551, 559, 864 A.2d 1 (2005). "Furthermore, in determining the nature of a pleading filed by a party, we are not bound by the label

exactly alike or lacking in sufficient similarities, the trial court has no discretion. In the former case, the court must dismiss the second action, and in the latter instance, the court must allow both cases to proceed unabated. Where the actions are virtually, but not exactly alike, however, the trial court exercises discretion in determining whether the circumstances justify dismissal of the second action." (Citations omitted; emphasis in original.) *Bayer* v. *Showmotion, Inc.*, supra, 292 Conn. 397–98. Here, the court noted the identical nature of the two actions. See footnote 5 of this opinion.

In applying the prior pending action doctrine, however, the court in this case necessarily relied on the virtually alike standard, as the exactly alike standard had not yet been enunciated. We will, therefore, review the court's decision in a manner consistent with its determination that the two actions were virtually alike.

affixed to that pleading by the party." *Votre* v. *County Obstetrics & Gynecology Group, P.C.*, 113 Conn. App. 569, 576, 966 A.2d 813, cert. denied, 292 Conn. 911, 973 A.2d 661 (2009).

"The classification of a negligence claim as either medical malpractice or ordinary negligence requires a court to review closely the circumstances under which the alleged negligence occurred. . . . [T]he relevant considerations in determining whether a claim sounds in medical malpractice are whether (1) the defendants are sued in their capacities as medical professionals, (2) the alleged negligence is of a specialized medical nature that arises out of the medical professional-patient relationship, and (3) the alleged negligence is substantially related to medical diagnosis or treatment and involved the exercise of medical judgment. . . . [T]o prevail in a medical malpractice action, the plaintiff must prove (1) the requisite standard of care for treatment, (2) a deviation from that standard of care, and (3) a causal connection between the deviation and the claimed injury." (Citations omitted; internal quotation marks omitted.) *Gold* v. *Greenwich Hospital Assn.*, 262 Conn. 248, 254–55, 811 A.2d 1266 (2002).

Although the plaintiff attached an expert opinion and good faith certificate to her second complaint, the second complaint, like the first, pleads mere negligence, not medical malpractice. The second complaint, which the plaintiff contends is a medical malpractice complaint, does not even mention a standard of care or a deviation from the applicable standard. The alleged negligence does not concern a medical diagnosis or treatment. Rather, the second complaint, like the first, focuses on Phimvongsa's ignoring department protocol in bringing a patient to the office after hours and Eastern's failure to train Phimvongsa properly and to inform her of department regulations.

There can be no question that these two actions are virtually alike, that is, the two complaints, both sounding in negligence, were brought to adjudicate the same underlying rights of the parties based on the same set of facts. In fact, as the court pointed out repeatedly in deciding the motion to dismiss, the complaints are nearly identical.[5] Both complaints, regardless of how the plaintiff characterizes them, were brought to adjudicate the defendants' liability for the plaintiff's injuries. The court properly applied the prior pending action doctrine in dismissing the second case.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] During argument, the court asked: "Well, how are they different? The parties are the same. And the language is exactly the same. How can it be said that they are different?" and, "[W]hat in the second complaint is different than the first complaint?" The court also stated: "You just filed the same complaint all over again without any of the allegations in it that would make it a malpractice action," and, "[The complaints] are not similar. They're exactly the same," and, "Well, not only the factual allegations are the same, everything is the same."