## BERNARD KLEINMAN v. ANN CHAPNICK
(AC 32340)

Gruendel, Lavine and Mihalakos, Js.

Argued September 12–officially released October 18, 2011

*Joseph DaSilva, Jr.*, with whom, on the brief, was *Marc J. Grenier*, for the appellant (defendant).

*Bernard V. Kleinman*, pro se, the appellee (plaintiff).

*Opinion*

GRUENDEL, J. The defendant, Ann Chapnick, appeals from the judgment of the trial court rendered in response to a postjudgment motion for clarification of a judgment of dissolution. She claims that the court abused its discretion in declining to enter an educational support order for a particular academic year. We affirm the judgment of the trial court.

The record discloses the following undisputed facts. The parties married in 1979, and two children were born of the marriage. Following the subsequent breakdown of their marriage, the plaintiff commenced a dissolution action and the parties thereafter entered into a "stipulation for a final judgment on the issues of

custody and parenting access," which the court approved on October 22, 2008. A two day trial on the remaining issues followed in February, 2010. At that time, both children were over the age of eighteen and were enrolled as full-time college students. On March 12, 2010, the court rendered judgment dissolving the parties' marriage, finding that it had broken down irretrievably. The court further found that the plaintiff bore responsibility therefor.

As part of the judgment of dissolution, the court entered various financial orders. Pertinent to the defendant's appeal is the court's order that "[p]ursuant to the limitations set forth in General Statutes § 46b-56c, the [plaintiff] will pay 100 percent of the statutory expenses for the education of the parties' younger daughter, Avery, beginning with school year 2010–2011." In addition, the court ordered that "[e]ach party will be responsible for those liabilities listed on his or her financial affidavit, indemnifying and holding the other harmless thereon." The liabilities detailed in the plaintiff's February 16, 2010 financial affidavit included $66,000 in student loans for Haleigh, his older daughter, on which he made monthly payments of $890. In addition, the financial affidavit listed $15,000 in education expenses for Haleigh and $185,000 in education expenses for Avery as liabilities. Those expenses contained no reference to particular dates; rather, they simply indicated "anticipated to graduation." At trial, the parties represented to the court that Haleigh was due to attain her undergraduate degree from the University of California, Santa Cruz, at the end of the 2009–2010 academic year. They further indicated that Avery at that time was a freshman at Northwestern University.

On March 30, 2010, the defendant filed a "motion to clarify, correct and/or reargue." In that motion, she noted, inter alia, that the court did not enter an educational support order as to either child for the 2009–2010

academic year. She therefore requested that the court "clarify and/or make such orders to resolve this outstanding issue . . . ." The court heard argument on the defendant's motion on May 12, 2010, at the conclusion of which it stated: "All right. The decision stands and I'm not changing that portion of the decision and I'm not going retroactive for the 2009–2010 school year."[1] From that judgment, the defendant appealed to this court.

The defendant thereafter filed a motion for articulation with the trial court on November 18, 2010. She sought an articulation on four issues relevant to this appeal: "(1) Did the court expressly mean to exclude the academic year 2009–2010 from its educational support order? (2) Did the court rely upon the plaintiff's testimony regarding [certain] payments when fashioning its educational support order? (3) Did the court rely upon the plaintiff's inclusion of the children's educational expenses as liabilities upon his financial affidavit when fashioning its educational support order, in that the court held that 'each party will be responsible for those liabilities listed on his or her financial affidavit, indemnifying and holding the other harmless thereon' when it crafted its educational support order that did not include any payment for Haleigh's 2010 tuition? (4) Did the court conclude that by making the plaintiff responsible for the debts set forth on his financial affidavit that the plaintiff would be responsible for the children's educational expenses for academic year 2009–2010 and therefore that a specific educational support order would not be necessary?" In its subsequent articulation, the court answered the first three inquiries in the affirmative and the fourth in the negative.

The defendant's primary contention on appeal is that the court abused its discretion in declining to enter an

---

[1] The court clarified its judgment in other respects not germane to this appeal.

educational support order for a portion of the 2009–2010 academic year in either its March 12, 2010 memorandum of decision or its May 12, 2010 denial of her motion for clarification of that issue. We review that claim under the abuse of discretion standard. "In fashioning its financial orders, the court has broad discretion, and [j]udicial review of a trial court's exercise of [this] broad discretion . . . is limited to the questions of whether the . . . court correctly applied the law and could reasonably have concluded as it did. . . . In making those determinations, we allow every reasonable presumption . . . in favor of the correctness of [the trial court's] action. . . . That standard of review reflects the sound policy that the trial court has the unique opportunity to view the parties and their testimony, and is therefore in the best position to assess all of the circumstances surrounding a dissolution action, including such factors as the demeanor and the attitude of the parties." (Internal quotation marks omitted.) *Sander* v. *Sander*, 96 Conn. App. 102, 105, 899 A.2d 670 (2006).

Applying that deferential standard, an eminently reasonable explanation exists for the court's decision not to enter an educational support order for the 2009–2010 academic year. As counsel for the defendant stated at oral argument, this appeal concerns the "narrow issue" of "the failure to issue an order for the balance of that academic year, not the entire [academic] year obviously." The undisputed evidence before the court reveals that the payments voluntarily made by the plaintiff toward his daughters' 2009–2010 academic year expenses exceeded that which the court was authorized to order pursuant to § 46b-56c (f).

In its May 12, 2010 denial of the defendant's postjudgment motion for clarification, the court expressly stated that it would not enter a retroactive educational support order. Section 46b-56c contains no language authorizing

retroactive application, and various provisions con-
tained therein suggest that it is intended to apply pro-
spectively. See, e.g., General Statutes § 46b-56c (b) (1)
(authorizing court to enter educational support order
"at the time of entry of a decree of dissolution, legal
separation or annulment"); General Statutes § 46b-56c
(c) (4) (requiring court to consider reasonableness of
higher education "to be funded"); General Statutes
§ 46b-56c (c) (6) (requiring court to consider evidence
of institution of higher education child "would attend");
General Statutes § 46b-56c (e) (setting forth conditions
child must comply with "[t]o qualify for payments due
under an educational support order"); cf. General Stat-
utes § 46b-56c (b) (2) (authorizing court to enter educa-
tional support order at time of entry of order for support
pendente lite). Although the plaintiff in this appeal
argues that the court cannot impose an educational
support order for college expenses incurred prior to
the judgment of dissolution, we need not address that
issue of statutory interpretation in any detail, as the
defendant does not disagree with that proposition.[2]

---

[2] Neither party presented a statutory analysis in their respective appellate
briefs. The plaintiff's brief asserts that "there is nothing in either the language
of [§ 46b-56c] or in its legislative history to indicate that a court may impose
an educational support order for a period prior to the issuance of the final
decision in the matter. And, the case law decided thereunder, all involve
prospective orders for the payment of college expenses." The plaintiff further
relies on two relevant trial court decisions. See *Jones* v. *Jones*, Superior
Court, judicial district of Hartford, Docket No. FA-01-0727085-S (June 16,
2009) (*Epstein, J.*) (holding that "[i]n *Robinson* [v. *Robinson*, 86 Conn.
App. 719, 862 A.2d 326 (2004)], any educational support order would be
prospective and not retroactive. This court cannot find any authority in . . .
§ 46b-56c or in *Robinson* which would allow the court to issue an order for
payment retroactively for expenses previously incurred . . . ."); *Jensen* v.
*Jensen*, Superior Court, judicial district of New London, Docket No. FA-02-
0562538-S (June 11, 2009) (*Shluger, J.*) ("There is nothing in [§ 46b-56c]
which requires or even suggests retroactivity. It is hornbook law that child
support orders cannot be retroactive. An order for postmajority educational
support is in fact an order for child support for college education."). The
defendant did not address the issue of retroactive application in her principal
brief and did not submit a reply brief. At oral argument, she expressed her
agreement with the plaintiff's position, stating that "it is not our argument

Moreover, the defendant made clear at argument before this court that she was not seeking a retroactive order and that the only issue before us was the court's "failure to issue an order for the balance of that academic year," rather than the entire academic year.

Trial in this matter was held on February 17 and 18, 2010, and the court rendered judgment in its March 12, 2010 memorandum of decision. Thus, at issue is but a few months of educational support. The parties both submitted evidence establishing that the cap for such expenses set forth in § 46b-56c (f) was approximately $22,000 for the 2009–2010 academic year. Given that trial in this matter did not commence until mid-February, 2010, and accepting the position taken by the parties in this appeal that the court could not enter a retroactive educational support order, the court, at the most, could enter an educational support order for less than half of that cap amount.

The court's December 29, 2010 articulation plainly indicates that the court purposely excluded the 2009–2010 academic year from its educational support order. At trial, the court was presented with evidence, which the defendant has not disputed at trial or in this appeal, that the plaintiff made significant financial contributions to the college expenses of both children for the 2009–2010 academic year. With respect to elder daughter Haleigh, the evidence indicates that the plaintiff paid $6000 in tuition, $2000 for a parking sticker, $800 per month in rent and $200 per month in miscellaneous credit card expenses. With respect to Avery, the evidence indicates that the plaintiff paid $10,000 in tuition, $2400 for health insurance, $1800 for a laptop computer and $150 per month in credit card expenses. In light of the uncontroverted evidence of those contributions, the

or contention" that the court is authorized to enter a retroactive educational support order.

court may well have concluded that an educational support order for the remainder of the 2009–2010 academic year was unwarranted, particularly when both the plaintiff's financial affidavit and his trial testimony indicated that he already was responsible for $66,000 in federal PLUS loans; see 20 U.S.C. § 1078-2; related to Haleigh's undergraduate education, which expenses all arose prior to the dissolution of the parties' marriage.

Under § 46b-56c, whether an educational support order is warranted in a particular case is vested to the sound discretion of the trial court. See *Sander* v. *Sander*, supra, 96 Conn. App. 119. In light of the foregoing and indulging every reasonable presumption in favor of the correctness of the court's action, we cannot say that the court abused that discretion.

We likewise reject the defendant's ancillary claim that an ambiguity exists regarding the plaintiff's responsibility for the "anticipated" education expenses listed on his financial affidavit. In its memorandum of decision, the court declined to enter an educational support order for the 2009–2010 academic year. In its subsequent articulation, the court indicated that it purposely excluded that academic year from its educational support order. The defendant now maintains that the inclusion of those anticipated expenses on the plaintiff's financial affidavit suggests that the court intended to hold him responsible therefore in light of its general order holding each party responsible for their respective liabilities. We disagree. In its response to the articulation requested by the defendant on this precise issue, the court stated that it did not so intend. Rather, the court rejected the defendant's proposition that "by making the plaintiff responsible for the debts set forth on his financial affidavit that the plaintiff would be responsible for the children's educational expenses for academic year 2009–2010 . . . ." The court likewise declined to enter an educational support order for the 2009–2010

academic year in its May 12, 2010 oral ruling denying the defendant's motion for clarification on that issue. The record demonstrates in convincing fashion that the court did not intend to hold the plaintiff responsible for educational support expenses beyond those specified in the court's educational support order.

The judgment is affirmed.

In this opinion the other judges concurred.