## BERNARD V. KLEINMAN *v.* ANN M. CHAPNICK
### (AC 34614)

DiPentima, C. J., and Robinson and Espinosa, Js.

Argued November 26, 2012—officially released January 29, 2013

*Bernard V. Kleinman*, pro se, the appellant (plaintiff).

*Joseph DaSilva, Jr.*, with whom, on the brief, were *Marc J. Grenier* and *Thomas L. McKirdy*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Bernard V. Kleinman,[1] appeals from the judgment of the trial court dismissing his complaint alleging a cause of action for conversion against the defendant, Ann M. Chapnick. On appeal, the

---

[1] The plaintiff is an attorney in New York but is not licensed to practice law in the state of Connecticut.

plaintiff argues that the court improperly dismissed his complaint pursuant to the prior pending action doctrine. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of the plaintiff's appeal. The parties were married in 1979, and, on March 12, 2010, the court, *Malone, J.,* rendered a judgment dissolving the marriage. *Kleinman v. Chapnick,* 131 Conn. App. 812, 813–14, 30 A.3d 3 (2011). On October 17, 2011,[2] the plaintiff commenced this action, alleging conversion of his personal property. He claimed that he left certain personal property in the marital residence, and, despite repeated demands, the defendant refused to return said property to his possession.[3] The plaintiff sought damages for conversion[4] in the amount of $100,000, an order

[2] We issued our decision in the defendant's direct appeal from the dissolution action on October 18, 2011, one day after the plaintiff commenced this conversion action. Neither party has raised any claim regarding the timing of commencement of the conversion action and the resolution of the defendant's appeal from the dissolution action.

[3] The plaintiff described the property at issue as follows: "Among, but not exclusively, the items that the [p]laintiff left in the marital residence, under the sole possession and control of the [d]efendant were the following:

"a. Hess Truck Collection—a collection of Hess collectible trucks dating back to the late 1980s—with an estimated value of $1,500.00.

"b. Civil War book collection, including, but not limited to, original first edition of Carl [Sandburg's] six-volume biography of Abraham Lincoln—with an estimated value of $1,000.00; complete set of Bruce Catton books on the Civil War, many first editions—with an estimated value of $750.00; complete set of Allen Nevins books on the Civil War and preceding period—with an estimated value of $750.00; complete set of; and additional tomes by such authors as Douglas Freeman, Shelby Foote, Michael Shaara, and others—with an estimated value of $5,000.00.

"c. Personal family photographs including those of the [p]laintiff's deceased father. Antique solid silver Sabbath Kiddush wine cup belonging to the [p]laintiff's father and dating from in or around 1883, having, besides sentimental value, an approximate antique value of $1,000.

"d. Certain antique and other furnishings and other personal items—with an estimated value of $25,000.00."

[4] "The essential cause of action is a wrongful exercise of dominion over personal property of another. The wrongful act may be committed when one takes the property of another; when one, having received the property of another for a specified use, appropriates it to a different use in derogation

directing the defendant to provide an accounting of all personalty in the former marital residence as of January 1, 2009, and as of February 1, 2011, punitive damages in the amount of $100,000, legal fees and costs and other further relief deemed just and proper by the court.

On January 10, 2012, the defendant filed a motion to dismiss the plaintiff's complaint pursuant to Practice Book § 10-31 et seq.[5] She set forth, inter alia, the following basis for dismissal: "At the time of the commencement of this action, there was another action captioned *Kleinman* v. *Chapnick*, Docket No. FST-FA-08-4013764-S, in the [j]udicial [d]istrict of Stamford/Norwalk at Stamford, between the same parties and seeking the same relief as set forth in the complaint in this action, and, as a result this matter must be dismissed pursuant to the prior pending action doctrine." On February 24, 2012, the plaintiff filed an objection to the defendant's motion.

On April 18, 2012, the court issued a memorandum of decision granting the motion to dismiss the conversion action. It stated that after examining the court file in the dissolution case, that action and the present one

of the owner's right; when one, having received the property of another to be delivered up upon demand, neglects without lawful reason to deliver it upon demand made; and in other cases where there may be an unauthorized assumption of the right of ownership over goods of another to the exclusion of the owner's rights. . . . The various ways in which the wrongful act may be committed are grouped under the name conversion." (Citations omitted; internal quotation marks omitted.) *Semon* v. *Adams*, 79 Conn. 81, 82, 63 A. 661 (1906); see *Label Systems Corp.* v. *Aghamohammadi*, 270 Conn. 291, 329, 852 A.2d 703 (2004); see also M. Taylor & D. Krisch, Encyclopedia of Connecticut Causes of Action (2009) p. 12.

[5] We have stated that "[t]he prior pending action doctrine is properly raised via a motion to dismiss . . . ." (Internal quotation marks omitted.) *Pecan* v. *Madigan*, 97 Conn. App. 617, 621, 905 A.2d 710 (2006), cert. denied, 281 Conn. 919, 918 A.2d 271 (2007); see *Halpern* v. *Board of Education*, 196 Conn. 647, 652 n.4, 495 A.2d 264 (1985). The doctrine does not, however, truly implicate the court's subject matter jurisdiction. *Bayer* v. *Showmotion, Inc.*, 292 Conn. 381, 403, 973 A.2d 1229 (2009).

were brought by the same plaintiff against the same defendant and involved the same subject matter; namely, items of personal property sought by the plaintiff. Specifically, the court set forth the following language from the judgment in the dissolution case: "That the [defendant] shall retain all personal property in the marital home free from any claim by the [plaintiff], except for the following personal items that belong to the [plaintiff] located in the marital home: Hess truck [c]ollection, photographs of the [plaintiff's] parents' wedding day, photographs of the [plaintiff's] father's graduation, and clothes. The [plaintiff] shall remove his personal property from the marital home by June 15, 2010." The court then stated: "Although the judgment in the [dissolution action] does not specifically itemize all the personal property in the marital home herein allegedly converted, the judgment is directed to 'all the personal property in the marital home' with specific mention of several of the very items alleged to have been converted. This is sufficient in the court's view to make the two cases 'virtually alike' and to justify the dismissal of this second-brought action under the doctrine of prior action pending." This appeal followed.

On appeal, the plaintiff claims that the court improperly granted the defendant's motion to dismiss as a result of its misapplication of the prior pending action doctrine.[6] We are not persuaded.

---

[6] To the extent that the plaintiff argues that the family division of the Superior Court lacked jurisdiction to consider his claim of conversion of his property, we conclude such a contention to be without merit. In Connecticut, the Superior Court is the sole court of original jurisdiction except over those matters where the Probate Court has original jurisdiction. *In re Shonna K.*, 77 Conn. App. 246, 251, 822 A.2d 1009 (2003). Thus, all civil matters fall within the subject matter jurisdiction of the Superior Court. Id., 253. The organization of the Superior Court into four divisions, family, civil, criminal and housing, was done to promote an efficient use of judicial resources. Id., 252. The transfer of cases between the divisions is analogous to the law of venue and not the jurisdiction of the court. Id., 253.

"[T]he prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court. The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction." (Internal quotation marks omitted.) *Selimoglu* v. *Phimvongsa*, 119 Conn. App. 645, 649, 989 A.2d 121, cert. denied, 296 Conn. 902, 991 A.2d 1103 (2010); see *Modzelewski* v. *William Raveis Real Estate, Inc.*, 65 Conn. App. 708, 713–14, 783 A.2d 1074, cert. denied, 258 Conn. 948, 788 A.2d 96 (2001). The policy behind the doctrine is to prevent unnecessary litigation that places a burden on crowded court dockets. *Beaudoin* v. *Town Oil Co.*, 207 Conn. 575, 588, 542 A.2d 1124 (1988).

The framework for our analysis, including the appropriate standard of review, of the plaintiff's claim is found in *Bayer* v. *Showmotion, Inc.*, 292 Conn. 381, 973 A.2d 1229 (2009). "[W]e conclude that the trial court must determine in the first instance whether the two actions are: (1) *exactly* alike, i.e., for the same matter, cause and thing, or seeking the same remedy, and in the same jurisdiction; (2) virtually alike, i.e., brought to adjudicate the same underlying rights of the parties, but perhaps seeking different remedies; or (3) insufficiently similar to warrant the doctrine's application. In order to determine whether the actions are virtually alike, we must examine the pleadings . . . to ascertain whether the actions are brought to adjudicate the same underlying rights of the parties. . . . The trial court's conclusion on the similarities between the cases is subject to our plenary review." (Citation omitted; emphasis

in original; internal quotation marks omitted.) Id., 397–98.

Following that initial determination, the court must proceed to a second step. If the court has concluded that the cases are exactly alike or insufficiently similar, the court has no discretion; in the former situation, it must dismiss the second action, and in the latter, it must allow both cases to proceed. Id., 398. "Where actions are virtually, but not exactly alike, however, the trial court exercises discretion in determining whether the circumstances justify dismissal of the second action." Id. Our analysis, therefore, is focused on whether the court properly determined that the two actions were virtually alike and whether the court abused its discretion in dismissing the conversion action.

In the present case, the court examined the court file in the dissolution action along with the complaint in this conversion action.[7] It noted that the judgment file in the dissolution action was directed at all the personal property in the marital home and specifically mentioned certain items that the plaintiff alleged were converted, including the Hess truck collection and photographs of the plaintiff's deceased father. We acknowledge that the prior pending action doctrine is not one of "unbending rigor" and that "the existence of claims that are virtually alike does not, in every case, require dismissal of a complaint." (Internal quotation marks omitted.) Id., 396. We also note that the applicability of the doctrine does not turn on the issue of whether the two actions seek the same remedy. Id., 399. The key question is whether the two actions are brought to adjudicate the same underlying rights. Id.

---

[7] In *Bayer*, our Supreme Court stated that "the trial court properly could have taken judicial notice of the contents of the prior pending file." *Bayer* v. *Showmotion, Inc.*, supra, 292 Conn. 393 n.8.

The court determined that both actions pertained to a determination of the property rights of the parties with respect to certain items located in the marital residence. Additionally, it noted that the court in the dissolution action awarded ownership of the Hess truck collection, photographs of the graduation of the plaintiff's father, photographs of the wedding day of the plaintiff's parents and clothes to the plaintiff. If the defendant disregarded those orders, the plaintiff may pursue a remedy against the defendant with a motion for contempt. We conclude, for these reasons, that the court properly determined that the two actions were virtually alike and that the court did not abuse its discretion in granting the defendant's motion to dismiss pursuant to the prior pending action doctrine.

The judgment is affirmed.