******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DEAN LODMELL *v.* JOAN LAFRANCE
(AC 36050)

DiPentima, C. J., and Lavine and Beach, Js.

*Argued September 26—officially released December 23, 2014*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Hon. Taggart D. Adams, judge
trial referee.)

*Robert T. Rimmer*, for the appellant (plaintiff).

*Mathew P. Jasinski*, with whom, on the brief, was
*Ingrid L. Moll*, for the appellee (defendant).

*Opinion*

LAVINE, J. The plaintiff, Dean Lodmell, appeals from the judgments of the trial court granting the motions filed by the defendant, Joan LaFrance, to dismiss his applications to vacate arbitration awards. On appeal, the plaintiff claims that the court, in dismissing his applications, improperly applied the prior pending action doctrine. We affirm the judgments of the trial court.

The following facts and procedural history are relevant to the resolution of the plaintiff's appeal. In contemplation of marriage, the parties entered into a prenuptial agreement (agreement) on November 22, 2000. They were married on November 25, 2000. Neither party contests the enforceability of the agreement. On March 15, 2010, the defendant commenced an action for dissolution of marriage. Section 16.20 of the agreement provides: "In the event of any dispute hereunder, such dispute shall be resolved by first submitting the matter to mediation. If mediation fails, then the matter shall be submitted to binding arbitration in accordance with the rules of the American Arbitration Association." In the dissolution action, the court, *Malone, J.*, ordered the parties to proceed to arbitration on the matter of "the sale of the joint asset, a residential piece of real estate, and what procedures are to be followed, and what proceeds each party is entitled to from a sale."[1]

The plaintiff filed an appeal to this court of Judge Malone's order and the defendant filed a motion to dismiss the appeal for lack of a final judgment. On November 16, 2011, this court granted the defendant's motion to dismiss the appeal for lack of a final judgment. See General Statutes § 52-263. The parties participated in a three day arbitration hearing in October, 2012, before Arbitrator Donna M. Wilkerson.

Wilkerson issued a partial award on November 9, 2012, which was modified on December 17, 2012, and a final award on December 17, 2012, which are both the subject of this appeal. After Wilkerson issued the partial award, the plaintiff filed an application to vacate the partial award on December 5, 2012, pursuant to General Statutes §§ 52-418 and 52-420 and Practice Book § 23-1. Approximately one month later, on January 4, 2013, the defendant filed a motion for an order confirming the partial award in the dissolution action. In response to Wilkerson's December 17, 2012 final arbitration award, on January 14, 2013, the plaintiff filed on the civil docket an application to vacate in part that award. One day later, the defendant filed in the dissolution action a motion for order confirming in part, modifying in part, and vacating in part the final arbitration award. In essence, both parties sought to confirm or vacate the partial and final arbitration awards. The defendant sought to have the arbitration awards con-

firmed in part, modified in part, and vacated in part in the dissolution action, and the plaintiff commenced two separate actions to vacate the awards.

On January 15 and February 5, 2013, in the dissolution court, the plaintiff filed two objections to the defendant's motions to confirm the partial and final arbitration awards, respectively. Subsequently, on February 27, 2013, the defendant filed motions to dismiss both of the plaintiff's applications to vacate the arbitration awards. The plaintiff objected to the motions to dismiss five days later.

While the matters of confirming or vacating the arbitration awards were pending in both the dissolution court and on the civil docket, the plaintiff filed a motion to stay the proceedings on the arbitration awards in the dissolution court. On July 3, 2013, the dissolution court, *Schofield, J.,* granted the stay as to the motions regarding the arbitration awards because the issue was "presently under consideration for judicial decision" on the civil docket.[2] On August 21, 2013, the court, *Adams, J.,* issued a memorandum of decision granting the defendant's motions to dismiss the plaintiff's applications to vacate the arbitration awards under the prior pending action doctrine.[3] This appeal followed.

On appeal, the plaintiff claims that the court improperly granted the defendant's motions to dismiss as a result of its misapplication of the prior pending action doctrine. We are not persuaded.

We first set forth the law regarding the prior pending action doctrine. "[T]he prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court. The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are *virtually alike in the same jurisdiction.* . . . The policy behind the prior pending action doctrine is to prevent unnecessary litigation that places a burden on crowded court dockets." (Citation omitted; emphasis added; internal quotation marks omitted.) *Selimoglu* v. *Phimvongsa,* 119 Conn. App. 645, 649, 989 A.2d 121, cert. denied, 296 Conn. 902, 991 A.2d 1103 (2010).

The framework for our analysis of this appeal is found in *Bayer* v. *Showmotion, Inc.,* 292 Conn. 381, 973 A.2d 1229 (2009). "[W]e conclude that the trial court must determine in the first instance whether the two actions are: (1) exactly alike, i.e., for the same matter, cause and thing, or seeking the same remedy, and in the same jurisdiction; (2) virtually alike, i.e., brought to adjudicate the same underlying rights of the parties, but per-

haps seeking different remedies; or (3) insufficiently similar to warrant the doctrine's application. In order to determine whether the actions are virtually alike, we must examine the pleadings . . . to ascertain whether the actions are brought to adjudicate the same underlying rights of the parties. . . . The trial court's conclusion on the similarities between the cases is subject to our plenary review. " (Citation omitted; emphasis omitted; internal quotation marks omitted.) Id., 397–98.

"Following that initial determination, the court must proceed to a second step. If the court has concluded that the cases are exactly alike or insufficiently similar, the court has no discretion; in the former situation, it must dismiss the second action, and in the latter, it must allow both cases to proceed. . . . Where actions are virtually alike, but not exactly alike . . . the trial court exercises discretion in determining whether the circumstances justify dismissal of the second action." (Citation omitted; internal quotation marks omitted.) *Kleinman* v. *Chapnick*, 140 Conn. App. 500, 506, 59 A.2d 373 (2013). Our analysis, therefore, is focused on whether the court properly determined that the actions were virtually alike and whether the court abused its discretion in dismissing the applications to vacate the arbitration awards. See id.

The plaintiff claims that the prior pending action doctrine is not applicable because "[t]he trial court's decision is a departure from earlier application of the prior pending action doctrine . . . is unknown to the law and procedure relating to arbitration proceedings . . . [and the plaintiff's] applications to vacate . . . were insufficiently similar to the parties' divorce case to invoke the prior pending action doctrine." The plaintiff further claims that even if the prior pending action doctrine does apply, good cause exists to allow the applications to vacate to proceed. The plaintiff's arguments do not persuade us that the actions are not virtually alike or that the trial court improperly applied the prior pending action doctrine.

In this case, Judge Adams examined the claims raised in the pending dissolution action along with the two applications to vacate the arbitration awards. He first noted that the applications to vacate the awards involve the same two parties "who have been engaged in a *pending* dissolution of marriage action in this district since 2010." (Emphasis added.) "[T]he applicability of the doctrine does not turn on the issue of whether the two actions seek the same remedy. . . . The key question is whether the two actions are brought to adjudicate the same underlying rights." (Citation omitted.) *Kleinman* v. *Chapnick*, supra, 140 Conn. App. 506. The court determined that the actions before it were "virtually the same as the pending matrimonial action" and that that determination was "made with the focus on the ineluctable fact that the same underlying claims

are being litigated . . . ." Judge Adams noted that the dissolution court ordered that the issue of the sale of the marital property be submitted to arbitration. The court further noted that the two arbitration awards derived from the dissolution court's order regarding the scope of arbitration, and that the jurisdiction of the family relations docket properly includes actions related to prenuptial agreements and the division of property. The court, therefore, properly determined that the plaintiff's challenges to the arbitration awards were the same underlying claims being litigated in the pending dissolution action and were virtually alike for purposes of the prior pending action doctrine. The dissolution action and two applications to vacate the arbitration awards were brought in the same jurisdiction, arose from the same factual circumstances, involved the same parties, and stemmed from the dissolution court's order limiting the scope of arbitration.

We conclude that the trial court did not abuse its discretion in granting the defendant's motions to dismiss pursuant to the prior pending action doctrine. The policy reasons behind the doctrine are well suited to this case. The prior pending action doctrine prevents defendants from being "harassed by the pendency against him or her at the same time of two actions based on the same cause of action, at the instance of the same plaintiff, who has a complete remedy by one of them . . . . [The doctrine] is based on the principles of comity, convenience, and the necessity for orderly procedure in the trial of contested issues." 1 C.J.S. 51, Abatement & Revival § 19 (2005). The purpose of the prior pending action doctrine is properly served in this case where the court found that the plaintiff's actions before it were in essence "smaller pieces of the overall issues to be decided in the family relations court . . . [and were] clearly recognized by [the plaintiff] who [had] already filed objections [to the defendant's motions to confirm the arbitration awards] in the pending matrimonial case . . . ." The court noted that the objections were "strikingly similar" to the applications to vacate the arbitration awards and were "*irrefutable* evidence that the issues are the same and that the applications in these civil actions should be . . . dismissed."[4] (Emphasis added.) We conclude that the trial court properly determined the plaintiff's applications to vacate the arbitration awards were virtually the same issues as those pending in the dissolution action and that the court did not abuse its discretion in granting the defendant's motions to dismiss.

The judgments are affirmed.

In this opinion the other judges concurred.

[1] Article 13 of the agreement states that the parties' marital residence at 10 Blanchard Road "shall be treated as a Joint Asset" in the event of marital dissolution.

[2] After the court, *Adams*, *J.*, granted the defendant's motions to dismiss, Judge Schofield granted the defendant's motion to confirm the partial arbitration award and motion to confirm in part, modify in part, and vacate in part

the final arbitration award on December 30, 2013.

[3] The plaintiff filed a third action for injunctive relief, on March 22, 2013, after the defendant altered the sale price of the marital residence in conflict with the price ordered by Wilkerson. Judge Adams granted the defendant's motions to dismiss all three actions, including the application to enjoin. In this appeal, the defendant filed a motion to dismiss the appeal on the ground of mootness. This court granted the motion to dismiss only as to the application for injunctive relief because the marital property was sold on January 17, 2014. We, therefore, consider only the judgments dismissing the plaintiff's applications to vacate the partial and final arbitration awards.

[4] Judge Adams compared the two applications to vacate before him in the civil matter with the plaintiff's objections to the defendant's motions to confirm the awards in the dissolution action. Although both applications to vacate and the objections are quite lengthy, the plaintiff asserts the same arguments in nearly identical language in the civil actions and the dissolution action, respectively. For example, in the plaintiff's application to vacate the partial arbitration award, six substantive arguments are made: (1) Wilkerson improperly determined the appraisal value of the marital home; (2) Wilkerson ignored the agreement and independently determined the right of first refusal procedure; (3) the debate of choosing the real estate agent should have been submitted to mediation first; (4) Wilkerson improperly determine the sale price of the marital home; (5) Wilkerson lacked legal authority to discharge the subject notice of lis pendens; and (6) Wilkerson improperly order the plaintiff to pay maintenance expenses for the marital home. The plaintiff again raises these exact six arguments in the same order and utilizing similar nomenclature in his objections to the defendant's motion to confirm the partial award in the dissolution action. Judge Adams found that the noticeable similarities between the plaintiff's claims before his court and the dissolution court further demonstrated that the applications to vacate were virtually alike to the matters pending judgment in the dissolution court.

───────────────────────────